## *In re* ESTATE OF GILL.

1. **Dower:** WIDOW OF "NON-RESIDENT ALIEN:" WHO IS. In section 2442, of the Code, providing that "the widow of a. non-resident alien shall be entitled to the same rights in the property of her husband as a resident, except as against a purchaser from the decedent," the words "non-resident alien" mean an alien who is not a resident of Iowa, and not one who is also a non-resident of the United States.

2. ———: ———: CODE, SEC. 2442: "PURCHASER." The word "purchaser" in said section 2442 includes mortgagees; and where a non-resident alien in his lifetime mortgaged land in Iowa without release of dower by his wife, *held* that, after his death, she was entitled to dower in only so much of the mortgaged property as remained after satisfying the mortgages.

*Appeal from Polk District Court.* — HON. W. F. CONRAD, Judge.

FILED, FEBRUARY 3, 1890.

ON petition of the administrator for an order to sell real estate to pay debts.

There is no controversy as to the facts, and those necessary to an understanding of the questions presented are as follows: William John Gill, an alien, and subject to Great Britain, resided in Iowa up to, and for some years prior to, 1880, after which he resided in other of the United States to the time of his death, in 1887, at which time he was a resident in the state of New Jersey. He left Elizabeth Gill, his widow, but no children, surviving him. Mrs. Gill was also an alien,

and subject of Great Britain, and never resided in the United States. During his residence in Iowa, Mr. Gill purchased and took title of certain lots in the city of Des Moines, and afterwards, desiring to mortgage said lots to secure a loan of money, he applied to the circuit court of Polk county for an order, under sections 2216, 2219, Code, appointing a guardian to release the interest of his wife in said lots, alleging as reason therefor that she was insane. No notice was given to Elizabeth Gill, nor to any one on her behalf, of said proceeding; but an attorney of the court was appointed by the court to defend her interests. On final hearing, an order was granted appointing said William John Gill as such guardian for said purpose; and thereafter, for himself, and upon the authority of said order, he executed a mortgage to Lederer & Straus, to secure two thousand dollars, which mortgage is now the property of the trustees of Stephen Sibley's estate, and a second mortgage to J. B. Stewart, to secure one thousand dollars. In each of said mortgages he, as such guardian, released as to the interest of appellant in said lots. The appellant having filed her answer and cross-bill, claiming one-third of said property as her distributive share, the administrator replied, alleging the facts to be in substance as above stated. To this reply appellant demurred upon the grounds that the facts stated constitute no defense to her cross-bill; that the proceedings of the circuit court were void for want of notice; and because, if no notice was required by the statute, the statute was unconstitutional. This demurrer was overruled; and, appellant electing to stand thereon, and the trustees of the Sibley estate and said J. B. Stewart having appeared and pleaded, the cause was submitted on the pleadings, and on an admission of the copy of the record entry of said proceeding in the circuit court. An order was made for the sale of the property, and decreeing appellant's rights and interests therein to be junior to said mortgages, and that she is only entitled to receive one-third of the surplus realized from the sale

after satisfying said mortgages. From this order and decree said Elizabeth Gill appeals.

*Bousquet & Earl*, for appellant.

*Mitchell & Dudley*, *Berryhill & Henry* and *St. John*, *Stephenson & Whisenand*, for appellees.

GIVEN, J.—I. It will be seen by the foregoing statement that both Mr. and Mrs. Gill were aliens; that Mrs. Gill never resided in the United States, and that Mr. Gill had not resided in this state since 1880, and at the time of his death, in 1887, he was a resident of the state of New Jersey. Code, section 2442, is as follows: "The widow of a non-resident alien shall be entitled to the same rights in the property of her husband as a resident, except as against a purchaser from the decedent."

The first question presented is whether the deceased was a non-resident, within the meaning of this section,

1. DOWER: widow of "non-resident alien:" who is,

appellant's contention being that "non-resident," as here used, means non-resident of the United States, while appellees contend that it means a non-resident of this state. No question is made but that it is within the power of the state to declare and regulate the property rights of aliens with respect to property within the state. Our legislation on this subject, like that of many other states, has enlarged the property rights of aliens quite beyond that given them under the common law. The policy of this state, as shown in its constitution and laws, has been to encourage foreigners to become residents of the state, and to aid in its development, and share in its prosperity. Section 22, article 1, Bill of Rights, provides that "foreigners who are, or may hereafter become, residents of this state, shall enjoy the same rights in respect to the possession, enjoyment and descent of property as native-born citizens." See, also, chapter 1, tit. 13, Code, secs. 1908, 1909. Section 2440, Code, provides, without qualification as to residence or citizenship, the share of the

estate of the deceased husband or wife that shall go to the survivor. Were it not for section 2442, appellant's rights in the estate of her husband would be unaffected by his residence or citizenship. The evident purpose of section 2442 is to encourage the purchase of lands within the state from non-resident alien owners, and to protect purchasers of such real estate against claims for dower or distributive share therein. Among the reasons for such a provision is the difficulty of knowing the relations of such non-residents. Without such a provision, titles derived from non-resident aliens, in which the husband or wife does not join, would be left in uncertainty for an indefinite period of time. Appellant cites said section 1908, Code, wherein it was provided that "aliens, whether they reside in the United States or any foreign country, may acquire, hold and enjoy property," etc., and contends that thereby aliens are divided into two classes,—those residing within, and those residing without, the United States. This is not a classification of aliens, nor a declaration that all aliens may acquire, hold and enjoy property, etc.; and, to render it certain that all aliens are meant, and avoid any questions that might arise because of the restrictions of the common law, it is declared, "whether they reside in the United States or in any foreign country." If this were a classification of aliens, it is certainly not with reference to the section of the Code under consideration. In view of the language and purpose of section 2442, we are of the opinion that a "non-resident alien," as therein expressed, means an alien not residing in this state, and that William John Gill, deceased, was such a non-resident alien.

II. Appellant's next contention is that, though Mr. Gill was a non-resident alien, yet that his mortgagees are not purchasers from him; that the term "purchasers," in section 2442, is used in the sense of "buyer, or one who has acquired title;" and that these mortgagees acquired no interest or title in the real estate mortgaged, and hence are not purchasers. The law recognizes but two ways

2. ——: ——: Code. sec. 2442: "purchaser."

of acquiring property,—by descent and by purchase. These mortgagees surely acquired property by their mortgages, and acquired it by purchase. While it may be said that they did not acquire title to the real estate, they certainly acquired an interest in it that they did not theretofore have. It is conceded that under the recording acts they are deemed purchasers. The same reasons for protecting purchasers of unconditional titles from non-resident aliens against claims for dower apply with equal force to mortgagees from such. Our conclusion is that mortgagees of non-resident aliens are purchasers, within the meaning of section 2442, and that these mortgagees are, therefore, entitled to priority over the claim of the appellant.

III. The views already expressed render it unnecessary that we notice the questions made as to the legality of the proceeding had in the circuit court, or the claim of the mortgagees that the debt secured by their mortgages was for money loaned to pay on the purchase price of the property. It only remains to determine whether appellant is entitled to one-third of the entire property, subject to the mortgages, or only to one-third of what is left after the mortgages are satisfied. Regarding these mortgagees as purchasers, the deceased died possessed only of what is left of the property after satisfying the mortgages; and it is only in one-third of what he possessed that she is entitled to share. We think the decree of the district court is right, and should be     AFFIRMED.