CITY OF DETROIT *v.* HEINEMAN.

CONDEMNATION PROCEEDINGS—JURORS—COMPETENCY—PRIOR SER-
VICE.

1 Comp. Laws, § 3397, provides for the number, qualifications,
and method of drawing jurors in condemnation proceedings
instituted by a city or village, and that "the practice and
proceedings * * * relative to impaneling, summoning,
and excusing jurors" shall be the same as in the circuit
courts in ordinary cases. By Act No. 204, Pub. Acts 1893, no
person is qualified to serve as a juror in the Wayne circuit
court who has acted as such in a court of record during the
preceding three years. *Held,* that a person is not disqualified
to sit as a juror in a street-opening case in said county because
he has served in a similar case within three years previously;
the words "practice and proceedings" not referring to the
qualification of jurors, but solely to the manner of impaneling,
summoning, and excusing them.

Appeal from recorder's court of Detroit; Phelan, J.
Submitted October 11, 1901.   Decided October 22, 1901.

Petition by the city of Detroit against David E. Heine-
man and Joseph M. Weiss to condemn land for a public
alley. From a judgment for petitioner, respondents ap-
peal. Affirmed.

This is a proceeding under chapter 90, 1 Comp. Laws,
to condemn land for a public alley. A jury was duly im-
paneled under section 6 (1 Comp. Laws, § 3397), proofs
were taken, and nominal damages awarded. Some of the
jurors had served in street-opening cases within three
years previously, and were challenged for that reason, but
the challenge was overruled.

*David E. Heineman,* for appellants.

*A. B. Hall* ( *T. E. Tarsney,* of counsel), for appellee.

GRANT, J. Were these jurors disqualified? is the sole question presented. Section 6, after providing the number, qualifications, and method of drawing the jurors, provides:

"The practice and proceedings under this act, except as herein provided, relative to impaneling, summoning, and excusing jurors and talesmen, and imposing penalties or fines upon them for non-attendance, shall be the same as the practice and proceedings of the circuit courts of the State relative to petit jurors in civil cases in such courts, except that peremptory challenges shall not be allowed."

Section 5 of the law in regard to jurors in the Wayne circuit court contains the following:

"No person shall be returned or shall be qualified to be or become one of a panel of petit or grand jurors in any court of record in Wayne county who, within three years prior thereto, has been or acted as a member of a panel of petit or grand jurors, whether summoned on the original panel or added thereto as talesman, in a court of record, except as otherwise provided in section twenty-one; and it shall be the duty of each of said courts, on the return day of the *venire*, to inquire of the jurors summoned if any of them have served as jurors during the preceding three years, and to excuse from service any jurors who have so served." Act No. 204, Pub. Acts 1893.

Section 6 expressly fixes the qualifications of jurors in these condemnation proceedings, and contains no such restrictions as are found in the other act. The words "practice and proceedings" do not refer to the qualification of jurors, but solely to the manner of "impaneling, summoning, and excusing" them.

The challenge was properly overruled, and the judgment is affirmed.

The other Justices concurred.