WALTER E. SCOTT, Appellant, v. T. M. L. WILSON, Appellee, and T. M. L. WILSON, Appellee, v. WALTER E. SCOTT, Appellant.

**Real Property:** CONTRACT OF SALE: COST OF IMPROVEMENT: RECOVERY
1 BY VENDEE. In this action it appears that plaintiff purchased land of the defendant upon contract but that prior to completion of the contract a controversy arose as to who should pay an assessment for a drainage ditch in process of construction, and a supplemental agreement was entered into by which plaintiff was authorized to retain from the purchase price a certain sum supposed to be sufficient to pay the tax. *Held,* that the supplemental agreement constituted a contract requiring the defendant to pay the full amount of the tax, and that as both parties were mistaken as to the amount thereof and plaintiff therefore failed to retain from the purchase price a sufficient sum he was entitled to recover the balance from the defendant.

**Same:** *Res adjudicata.* In this action the vendee brought suit in
2 attachment on his contract for the balance of the tax assessment, in which judgment was rendered against him, and the vendor instituted suit for the wrongful attachment in which the vendee, after appealing from the original judgment, set up a counterclaim alleging the same facts as in his original petition, with additional facts which should have been alleged therein.
*Held,* that the unreversed judgment in the original cause was a bar to the counterclaim, but that the dismissal of the counterclaim on that ground was not a bar to the vendee's original action after reversal, nor an adjudication of the right to recover therein.

*Appeal from Dallas District Court.*—HON. EDMUND
NICHOLS, Judge.

FRIDAY, FEBRUARY 10, 1911.

THESE actions were tried separately in the district court, and were separately appealed. They are so involved, however, that they will be considered in a single opinion.

The facts will be stated in the body of the opinion. *Reversed* in first case, and *affirmed* in second.

*Burton Russell,* for appellant.

*White & Clark,* for appellee.

DEEMER, J.—Appellant Scott purchased of appellee Wilson a tract of land in Dallas county, Iowa, for the agreed price of $4,200. The contract provided for a cash payment of $100, a payment of $900 when an approved deed and abstract were deposited in escrow for delivery on March 1, 1909, and the balance of $3,200 on March 1, 1909. The contract was made in November of the year 1908, and at that time a drainage ditch for a district in which the land was situated was in process of construction, but the tax therefor had not been assessed or levied against the land. In December of the year 1908, Wilson furnished a deed and abstract, and demanded payment of the $900 upon the contract. A controversy then arose as to who should pay the tax which would be levied against the land for the construction and establishment of the ditch. For the purpose of settling this controversy the parties entered into a written agreement, the following being a copy thereof:

Whereas a controversy has this day arisen between the parties to the within contract as to which of said parties shall pay the tax and costs of the construction of ditch No. six (6) Washington township, Dallas county, Iowa, and assessed and to be assessed and levied on the south half of the southeast quarter (¼) of section (17) (30) (28) in said county described on the within. It is hereby agreed by and between said parties that said second party shall retain in his hands out of his payment of March 1, 1909, an amount of money sufficient to pay the amount of taxes assessed and levied on said land for said drainage purposes, and said sum deposited in

the First National Bank at Adel, Iowa, the amount so retained to pay such tax when due and payable, and if the courts shall finally determine said tax, and said land is not liable for said costs and tax, said sum of money so retained for said purpose by said second party shall be paid to said first party on the order of said first party therefor. This memoranda of agreement is made as addition to a certain written contract between said parties named therein dated November 18, 1908, and made a part thereof.

The tax had not been assessed on March 1, 1909, and from the payment of $3,200 to be made on that day Scott retained the sum of $500, to meet the said tax when levied and assessed. On September 4, 1909, the tax was levied by the board of supervisors, and the amount assessed against the land purchased by Scott was $1,292.60. Scott applied the $500 retained by him upon this tax, and demanded of Wilson that he pay the balance, which Wilson refused to do. Thereupon Scott paid the balance on November 15, 1909, and immediately brought suit against Wilson to recover the amount so paid. As Wilson was a nonresident of the state, Scott secured a writ of attachment in aid of his action. In his petition Scott set forth the facts above stated, and also averred that at the time the supplemental contract was entered into, he (Scott) "had in his hands, to wit, the sum of $4,100, as the balance of purchase money for said described real estate, and at said time the plaintiff, Scott, believed that said assessment and levy would not exceed the sum of $500, and such was the belief of the defendant, and that because of such fact the plaintiff, at defendant's request, kept out of said balance of purchase money only the sum of $500 with which to discharge and pay the said costs of construction of said ditch No. 6, to be assessed, levied, and determined against said land in accordance with contract attached to plaintiff's petition and marked 'Exhibit B,' and made a part thereof; that the plaintiff was mistaken as to the

amount of the assessment and levy against said land as fixed by the said board of supervisors; that the said assessment and levy against said land as fixed by the said board of supervisors exceeded the said $500 so retained by the plaintiff in the sum of $802, and on the 15th day of November, A. D. 1909, on which date the plaintiff paid said excess of $802 to the treasurer of Dallas county, Iowa, in complete settlement of the said costs of construction of said ditch No. 6 assessed and levied against said land as fixed and determined by the said board of supervisors."

Defendant Wilson appeared to the action and filed a motion for judgment on the pleadings, which was in effect and will for the purpose of this appeal be treated as a demurrer to the petition and the amendment thereto, pleading the mistake. The trial court sustained the motion, and rendered judgment against Scott on November 24, 1909. On February 23, 1910, Scott appealed to this court. On December 23, 1909, Wilson commenced action against Scott to recover damages on the attachment bond given by Scott in the original action, for the wrongful suing out of the attachment. Scott appeared to that action and filed an answer and counterclaim. The counterclaim was based upon the same cause of action as that set out in his original petition in the main suit, and the pleading was practically the same as in the main suit, save that Scott more particularly pleaded a mutual mistake between the parties as to the amount of the drainage tax. This counterclaim was interposed in January of the year 1910. Wilson answered this counterclaim, setting up the judgment in the original case as a bar to the prosecution thereof because the matter was fully adjudicated in the prior proceeding. This was in turn denied by Scott.

Upon these issues the case went to trial before a jury, resulting in a directed verdict for defendant Scott, but denying him judgment upon his counterclaim for the reason that the matter had been adjudicated in the original pro-

ceedings. Scott alone appealed from this judgment insofar as the court held that his counterclaim had been adjudicated in the prior suit. He is, therefore, the appellant in each of these cases. Aside from the question of former adjudication, the decision must turn upon the proper construction of the supplemental contract hitherto quoted. Appellee's counsel contend that he did not agree to pay more than $500 of the drainage tax, while appellant insists that Wilson agreed to pay the entire tax; that the $500 was a mere estimate as to what the tax would finally be, each of the parties being mistaken as to the amount, and that when the tax was finally discovered to be more than the estimate, and Scott was compelled to pay the difference, he was entitled to recover the amount so paid under the supplemental contract.

In view of the fact that the original case was decided upon motion for judgment on the pleadings, we must take all the allegations of plaintiff's petition, and the amendment thereto, to be true and determine the case accordingly. To our minds there is no doubt that Wilson agreed by the supplemental contract to pay the entire drainage tax. No one knew at the time the agreement was made what this tax would amount to, and in consequence it was provided that Scott should retain a sufficient amount out of the March 1 payment to meet the tax when finally assessed and levied against the land. As the tax had not been assessed when the final payment was due an estimate was necessary. This estimate was $500. Thereafter, when the tax was levied, it was discovered that instead of being $500 it was $1,292.60. Plaintiff Scott alleges that the estimate was a mistake on the part of both parties, and he seeks to recover the difference because of Wilson's promise to pay. There is no doubt, we think, of Scott's right to recover under the allegations of his petition. The amount of the estimate was not conclusive, and on account of mis-

1. Real property: contract of sale: cost of improvement: recovery by vendee.

take of the parties it should not be held to conclude them. The trial court was in error in rendering judgment in the original case against Scott.

In the second case, as Wilson does not appeal, the judgment as to him must be treated as correct. There yet remains the question as to Scott's right to recover on his

2. SAME: *res adjudicata.* counterclaim. That counterclaim was for the same cause of action as pleaded in his original action, which, when the second case was tried in the district court, had been determined against him. True, he pleaded in his counterclaim some facts additional to those set forth in his original petition, but they were facts which might and should have been pleaded in his original petition, and, at the time the second action was commenced and tried, there was an adjudication against Scott on his claim which had not been reversed or set aside. It is fundamental that such a judgment is conclusive and final until set aside on appeal. The judgment in the original case was good, although Scott had appealed therefrom to this court. *Watson v. Richardson,* 110 Iowa, 698.

The second case was properly decided. However, the judgment in that case should not be treated as a bar to a judgment in the original case, nor as an adjudication of plaintiff Scott's right to recover therein.

The decree in the second case will be affirmed, without prejudice to plaintiff Scott's right to proceed with his original case.

First case *reversed.* Second case *affirmed.*