IN THE MATTER OF THE ESTATE OF FRANCIS A. KENNEDY, Deceased.

Estates of decedents: DOWER: NONRESIDENT ALIENS. Code, section 3368, providing that as against a purchaser from a nonresident alien the survivor shall not be entitled to a distributive share

in the estate of deceased, if at the time of the purchase the survivor was also a nonresident alien, applies to a resident of another state.   And the term purchaser as used in the statute does not include a devisee, but has reference to a purchaser for a consideration.

**Descent and distribution:**   CONVEYANCE TO WIFE:  GIFTS:  ADVANCE-
2   MENTS. Where a husband conveys property to his wife or purchases it in her name, paying therefor with his own means. the transaction is presumptively a gift, in the absence of a statute or evidence to the contrary, and not an advancement; and she can not be held to account to him, or upon his death to his personal representatives.

**Same:**   CONTRACTS BETWEEN HUSBAND AND WIFE:  DOWER.   The statute
3   declaring that a husband or wife has no interest in the property of the other which is the subject of contract between them is a statute of descent and distribution; and a contract between them with reference to the wife's interest in the husband's estate is void as against her right of dower, and as against devisees of the husband who were not misled by a conveyance from him to her pursuant to an oral contract that the same should be in lieu of dower.

*Appeal from Dallas District Court.*—HON. LORIN N. HAYS,
Judge.

FRIDAY, MARCH 15, 1912.

FRANCIS A. KENNEDY died, testate, in Putnam county, Ind., and his will was there admitted to probate November 12, 1910, and subsequently admitted to probate as a foreign will in the district court of Dallas county.

By the second clause, it bequeathed to his wife, Maggie Kennedy, the plaintiff herein, the household goods and kitchen furniture, describing her as his second wife, and childless, adding: "My said wife has heretofore received at my hands real and personal property amounting to about $12,000, which in addition to the above, I feel should be all that she should require." In other clauses of the will he devised all his real estate in Indiana and this state to a son, James M. Kennedy, a grandson, Grover C.

Kennedy, and William Linkenfelter, a member of his family. The widow elected not to take under the will, and in this action prayed that her dower interest in the land of which the testator died seised, situated in Dallas county, be set apart to her. The answer of Linkenfelter alleged the devise of one of the tracts of land to him; that the value of the entire estate left by deceased did not exceed in value $24,000; that at the time of his death decedent was seventy-seven years of age and plaintiff fifty-eight; that they were married in Indiana in 1898 and immediately moved to Iowa, but in the following year returned to Indiana, where they resided until his death; that at the time of their marriage he owned property valued at $20,000; that a few years after his marriage he purchased real estate in Indiana, and caused it to be conveyed to the plaintiff, and also transferred to her personal property to the value of $2,000.

The above allegations are found in each count of the answer, and in addition thereto: (1) It is averred in the first count that the land was procured and caused to be conveyed to her, and the personal property given, by the deceased for the purpose and with the intent to make a partial equitable distribution of his estate to his wife, in advance of his decease, as an advancement, and that his wife assented to said advancement by the acceptance of said conveyance. (2) In the second count, that the decedent was a nonresident alien at the time said will was made and at his death; that plaintiff, as his survivor, also was a nonresident alien at the time Linkenfelter acquired the real estate in controversy as purchaser under the will, and for this reason she is not entitled to a distributive share therein. (3) In the third count, that the land was purchased and caused to be conveyed to the plaintiff in pursuance of a purpose on decedent's part to make a partial equitable distribution of his estate by transferring property to plaintiff and willing other property to the devisees

named in the will; that said deeds are a part of said will of said decedent and, together with said will, constitute one instrument; that the provisions made for plaintiff in the deeds and will were understood by decedent and plaintiff to be in lieu of dower, and were accepted by plaintiff with that understanding; that plaintiff is now estopped from claiming her distributive share in the real estate acquired by the devisees in the absence of any renunciation of the claim to the real estate conveyed to her. (4) In the last count, that decedent and plaintiff entered into an oral agreement, whereby, in consideration of the real estate caused to be conveyed to her and certain personal property, plaintiff would abide by the last will and testament of the decedent; that decedent fully performed his part of the agreement by causing the real estate and personal property to be transferred to plaintiff, and plaintiff accepted the same and still retains the same, and thereby elected to take under the will of decedent, and is estopped from claiming her distributive share in the decedent's estate. James M. Kennedy and Grover C. Kennedy set up precisely the same defense as is interposed in the first count of the preceding answer.

The plaintiff moved that judgment be entered for plaintiff, as prayed in her petition, for that the allegations in the petition were admitted in the answers and no sufficient defense interposed. This motion was sustained, and the plaintiff's dower interest in the land ordered to be admeasured as prayed. The defendants appeal.—*Affirmed*.

*Burton Russell,* for appellant William Linkenfelter.

*R. S. Barr,* for appellants James Kennedy and Grover C. Kennedy.

*White & Clarke,* for appellee.

LADD, J.—As the widow refused to take under the will of her deceased husband, she was entitled to dower in the several tracts of land devised to his son, grandson, and another member of his family, unless some one of the several defenses interposed by them was sufficient. The motion for judgment by plaintiff necessarily conceded the allegations of fact contained in each count of the answer to be true (*Scott v. Wilson*, 150 Iowa, 202), and the ruling by which it was sustained held that, even though true, they were not such as to deprive plaintiff of one-third of the real estate he owned during coverture.

I. For convenience, the second count of the answer may be considered first. It is averred therein that the decedent and plaintiff were nonresident aliens both at the time of making the will and when decedent died, and for this reason, when defendant Linkenfelter acquired the tract of land, plaintiff was the successor of a nonresident alien and herself, as such, not entitled to a distributive share in the real estate left by him. Section 3366 of the Code enacts that: "One-third in value of all the legal or equitable estates in real property possessed by the husband at any time during the marriage, which have not been sold on execution or other judicial sale, and to which the wife has made no relinquishment of her right, shall be set apart as her property in fee simple, if she survive him." Section 3368: "As against a purchaser from a non-resident alien, the survivor shall not be entitled to a distributive share in the estate of deceased, if at the time of the purchase such survivor was also a non-resident alien." Although living in Indiana, the decedent and his wife were nonresidents, within the meaning of this statute. *Re Estate of Gill*, 79 Iowa, 296. If, then, Linkenfelter, as devisee, was a purchaser, within the meaning of the last section, she, if an alien, was not dowable in the tract testator willed to him. Undoubtedly "purchaser," in its

*1. ESTATES OF DECEDENTS: dower: nonresident aliens.*

broad sense, when referring to the acquirement of title, includes everyone who obtains title otherwise than by descent. *Bennett v. Hibbert,* 88 Iowa, 154; *Re Estate of Gill, supra.* But in common parlance, and as ordinarily used, its meaning is more restricted, and is understood to be one who obtains through negotiation or the like, for a consideration. Thus, in an act providing that the conveyance of land not recorded within six months shall be regarded as fraudulent as against any subsequent *bona fide* purchaser, the word "purchaser" was held not to include devisee, but was employed in its ordinary meaning as one who acquires for a consideration. *Morris v. Daniels,* 35 Ohio St. 406, 417. *In re Hopper,* 6 N. J. Eq. 325, "purchaser," as found in an act authorizing the widow, any heir or heirs, or guardian of minor child or children, or purchaser, to apply to have the widow's dower set apart, was held not to include a devisee. *In re Estate of Gill, supra,* the purpose of the statute was said to be to encourage the purchase of lands from nonresident aliens, and to protect purchasers against claims of dower because of the difficulty in ascertaining the relations of nonresident aliens and the uncertainty incident thereto. These reasons fail where the person takes by will; for his relation to the testator ordinarily is such that he is likely to know of the former's personal relations and as he takes without consideration, there is no occasion for legislation for his protection. Owing to this we are inclined to construe "purchaser," as found in this statute, as intended in the restricted sense of a purchaser for a consideration.

II. In the first count of the answer, it was averred that a few years subsequent to marriage the decedent purchased with his own means certain real estate in Putnam county, Ind., of the reasonable value of $10,000 and caused it to be conveyed to plaintiff, and also delivered to her personal property of the value of $2,000, and so did

2. DESCENT AND DISTRIBUTION: conveyance to wife: gifts: advancements.

with the purpose of making a partial equitable distribution to and out of his estate for his wife as an advancement before his decease, and that plaintiff in accepting said conveyance assented thereto. This amounted to no more than alleging that decedent had, for the purpose of making provision for the wife, caused certain property to be transferred to her. Decisions and text-books speak of such gifts as being advancements to the wife, but only in the sense that they are intended or presumed to have been for her benefit, rather than for him who has paid the consideration; and therefore that, in the absence of other evidence, a resulting trust will not arise in favor of the husband. *Sunderland v. Sunderland,* 19 Iowa, 325; *Andrew v. Andrew,* 114 Iowa, 524; 1 Am. & Eng. Ency. of Law (2d ed.), 773. Advancement is accurately defined in the work last cited as a "transfer of property from a person standing *in loco parentis* toward another to that other in anticipation of the share of the donor's estate which the donee would receive in the event of the donor's dying intestate." In some states, the wife is put by statute on the same footing with children in the matter of advancements; but, in the absence of statute, the rule seems to be well settled that, if the husband convey property to his wife or purchase real property in her name, he paying the price, or give to or purchase for her personal property, paying therefor from his funds, the transaction is *prima facie* a gift or transfer for her benefit, and she can not be held to account therefor to him nor, upon his death, to his personal representatives. Thornton on Gifts and Advancements, section 579. Moreover, as seen, the doctrine of advancements has no application, save in event of intestacy. 1 Am. & Eng. Ency. of Law (2d ed.), 761. The circumstance, then, that decedent had transferred property gratuitously to his wife in distributing his estate furnished no reason for denying her the admeasurement of dower as prayed.

III.   The last two counts may be considered together. In the third it is averred that the will, devising the tracts of land to defendants and personalty to plaintiff, was executed at the same time decedent purchased and procured deeds conveying land, valued at $10,000, to plaintiff, and as part of the same transaction; and that provisions so made for plaintiff were understood by her and decedent to be in lieu of dower, and were by her accepted with that understanding, and by reason thereof she is estopped from claiming a dower interest in the land willed to defendants.   In the last count, it is averred that, in consideration of procuring the conveyance of the property to her by decedent, she orally agreed to abide by the last will and testament of decedent, and that her right of dower in his property be released; that decedent fully performed his part of the agreement, and plaintiff accepted the real estate and personal property and retains the same, and is now estopped from claiming a dower interest in the lands devised.   These counts present practically the same defense; for it can make little difference whether she received the property in virtue of an express agreement that she would not claim dower in other property, or whether he gave it and she received it with such understanding.   It is immaterial whether the contract is express or implied, or whether the matters were adjusted as a part of one transaction or of several.   The fact remains that the subject of the contract alleged was her inchoate interest in his real estate; and it is urged that because such contract was induced by a consideration she is estopped from repudiating the agreement and claiming the right to dower otherwise conferred by statute.

Section 3154 of the Code declares that "when property is owned by husband or wife, the other has no interest therein which can be the subject of contract between them," and in many decisions we have held that this

*3. SAME: contracts between husband and wife: dower.*

withdraws such interest entirely from the field of barter or agreement of whatsoever nature between them. *Newberry v. Newberry,* 114 Iowa, 704; *Sawyer v. Biggart,* 114 Iowa, 489; *Caruth v. Caruth,* 128 Iowa, 121. The statute is one of descent and distribution, and a contract between husband and wife, with reference to her interest in his estate, is of no validity whatever. See, also, *Sharff v. Hayes,* 132 Iowa, 609. The language of the statute does not limit the prohibition to contracts without consideration, but prohibits them absolutely. How, then, if the husband and wife might not have dealt with each other concerning the interest of the one in the property of the other, can it be said that, having done so, the one is estopped by something received from denying having so contracted. The position is preposterous. Moreover, the devisees have been in no manner misled. They have parted with nothing because of broken faith on the part of the widow. If there has been wrong, it has been in inducing the decedent to part with property without consideration and on a void contract; and if any relief is available it would seem to be in an action to compel the restoration of property so acquired to the estate of decedent. No authorities in point are cited by appellant, and, following those cited and cases collected therein, we conclude that the facts pleaded in either of the last two counts constitute no defense to the widow's claim of dower. —*Affirmed.*

DEEMER, J.—I am not satisfied with that part of the opinion treating the question of estoppel, and therefore withhold my assent to that portion thereof.