J. P. PRICE, Appellant, v. TOWN OF EARLHAM et al., Appellees.

**CERTIORARI:** Improvident Writ—Procedure.  When a petition in certiorari shows on its face that the writ issued thereon is improvident, the defendant may, even though return has been· filed, reach such defect by motion for judgment on the pleadings, and it is not objectionable that he employs, to accomplish this result, a motion to dismiss the petition.

**EMINENT DOMAIN:** Sheriff's Jury—Qualifications—Bias and Prejudice.  Bias and prejudice on the subject of the owner's damages do not disqualify a sheriff's jury appointed to assess damages by reason of the taking of private property for public use (in the present case, for cemetery purposes), provided the jurors (a) are freeholders of the county (or city), and (b) are not interested in the same or a like question.  Appeal affords adequate remedy for the correction of any resulting wrong.  So *held* where the jurors, owing to defective proceedings, had, in the same proceeding, thrice served as such jurors.  (Sections 884, 1999, 2000, Code, 1897; 2009, Code Supp., 1913.)

*Appeal from Madison District Court.*—W. H. FAHEY, Judge.

FRIDAY, APRIL 7, 1916.

THE petition in the first case was filed October 12, 1914, and alleged, in substance, that the defendants, being the mayor and councilmen of the incorporated town of Earlham, on April 7, 1913, adopted a resolution declaring certain land necessary for cemetery purposes, and instructed the mayor and clerk to make written application to the sheriff of Madison County for the appointment of commissioners to inspect the same and assess the damages the owner thereof would sustain by the appropriation thereof for said purposes; that they so did, and that the sheriff appointed commissioners and designated September 14, 1914, at 10 o'clock A. M., to inspect and assess such damages; that defendants acted illegally and exceeded their jurisdiction, in that the commissioners did not meet and perform their duties at the time specified, but at

some other time and place, of which no notice was given plain-
tiff, and assessed said damages; and that defendants were
intending and threatening to take possession of said property;
that plaintiff was without a plain, speedy and adequate remedy
at law, and prayed that a writ of certiorari be issued, com-
manding defendants to certify the proceedings in the district
court.  Such writ was issued and return made thereto, as
required.  The defendants thereupon moved that the petition
be dismissed, and an order of continuance was entered,
October 20, 1914; but on the following day the defendant
moved that said order of continuance be set aside, and asserted
that the sheriff had postponed the inspection and examination
of the premises from 10 A. M. to 2 P. M. of the day fixed,
without notifying the owners of the land, and for this reason
the defendants confessed the lack of jurisdiction on the part
of the commissioners, and asked that an order be entered find-
ing that the commissioners were without jurisdiction, that
their assessment of damages, as returned, be set aside, and
that an order be entered directing the service of a new notice
of condemnation.  This motion was sustained, and an order
was entered accordingly, and it was further "adjudged that
the incorporated town may proceed with the condemnation
proceedings," and that "after first giving to the plaintiff
notice of the time and place when said commissioners will
meet to inspect and assess the damages which the said J. P.
Price will sustain by reason of the taking of the property."
From this ruling, the plaintiff appeals.

On December 1, 1914, plaintiff filed his second petition,
containing the same allegations as to defendants, the owner-
ship of the property, the resolution and proceedings to con-
demn, but alleged that the commissioners appointed by the
sheriff had inspected the property and filed their report with
the sheriff, but that the defendants, in connection therewith,
had acted illegally and exceeded their jurisdiction, in that five
of the commissioners appointed by the sheriff had, theretofore,

under the appointment of said sheriff in the same condemnation proceedings, acted three times as commissioners to inspect said real estate and assess such damages; that in each of said cases the commissioners did inspect and assess such damages, and in each, they duly returned to the sheriff their sworn statement and report of the damages assessed; that by reason thereof they had become biased and prejudiced and were disqualified and incompetent to act further as commissioners; that defendants were threatening to proceed with such condemnation proceedings and take possession of the property; that plaintiff was without plain, speedy and adequate remedy at law and prayed that a writ of certiorari issue, commanding defendants to make return of the record and proceedings in connection therewith. The writ was issued, and return made as required. On December 16, 1914, defendants moved that the petition be dismissed, for that: (1) the facts stated in the petition do not entitle plaintiff to have the writ issued; (2) he has a plain, speedy and adequate remedy by appeal; and (3) plaintiff has taken appeal in this proceeding from the award of the sheriff's jury to the district court. The motion was sustained, and plaintiff appeals.—*Affirmed.*

*J. W. Rhode* and *D. H. Miller,* for appellant.

*John A. Guiher,* for appellees.

LADD, J.—In sustaining the defendant's motion to enter an order setting aside the assessment of damages suffered by the owner from the appropriation of his property for cemetery purposes, the court directed that "the incorporated town of Earlham might proceed with condemnation proceedings with the commissioners heretofore appointed," after first giving notice to such owner. Of this, plaintiff complains in the first case, for that, as is said, the commissioners, having previously inspected and assessed the property, were biased and prejudiced, and thereby rendered incompetent to serve. Subsequently, the sheriff designated five of said commissioners, with

another, to inspect and appraise the land at a time fixed, and they so did.

In the second case, the landowner sought to test, by proceedings in certiorari, the legality of appointment and service of said commissioners, for that, as is alleged, they were biased and prejudiced by having served thrice previously in the inspection and assessment of damages to the owner by the appropriation of the same parcel of land, and thereby became so biased and prejudiced as to render them incompetent to serve as commissioners. The decision, in each case, depends on whether previous service of commissioners in assessing the damages consequent on appropriating the same premises, and the bias and prejudice resulting, render them incompetent to act as such, in the inspection and assessment of such damages in subsequent proceedings to condemn. The motion to dismiss the petition in the last case was on the grounds that the facts, as stated, did not entitle petitioner to the issuance of a writ of certiorari, and that, by appeal, plaintiff was afforded a plain, speedy and adequate remedy at law.

I.   It will be noted that the motion is not grounded on mere defects in the petition, but goes directly to the merits, in asserting that, conceding the commissioners to have been biased and prejudiced, they were not disqualified, and that the remedy for any injustice done must be through appeal. In other words, the contention was that the writ was improvidently granted. That the writ may be quashed or suspended in these circumstances seems to be well established. 6 Cyc. 813, and cases collected in notes. Certainly, nothing appears in *McKinney v. Baker*, 100 Iowa 362, and other cases cited, to the contrary. But the motion was not to quash the writ, but that the petition be dismissed. The return had been filed, so that the issues were complete, and the motion was, in effect, one for judgment on the pleadings. See *Scott v. Wilson*, 150 Iowa 202; *In re Estate of Kennedy*, 154 Iowa 460. In a case like this, however, nothing is accomplished by filing such

1.  CERTIORARI: improvident writ: procedure.

a motion; for, necessarily, the petition and return presented the identical issues as if submitted on the merits. The procedure, then, is not in the way of determining the question presented.

II.   Section 880 of the Code authorizes the taking of land for cemetery purposes, and Section 884, Code, declares that proceedings for condemnation "shall be in accordance with the provisions relating to taking private prop-

2. EMINENT DO-
MAIN: sheriff's
jury: qualifica-
tions: bias and
prejudice.

erty for works of internal improvement, except that the jurors shall have the additional qualification of being freeholders. of the city or town." Section 1999 of the Code (of such provisions) directs that "the sheriff of the county in which such real estate may be situated shall, upon written application of either party, appoint six freeholders of said county, not interested in the same or a like question, who shall inspect said real estate, and assess the damages which said owner will sustain by the appropriation of his land for the use of said corporation, and make report in writing to the sheriff of said county."

The city, upon payment of the damages, may take the property.

"Section 2000.   The freeholders appointed shall be the commissioners to assess all damages to the owners of real estate in said county, and said corporation, or the owner of any land therein, may, at any time after their appointment, have the damages assessed in the manner herein prescribed, by giving the other party ten days' notice thereof in writing, if a resident of this state, specifying therein the day and hour when such commissioners will view the premises, which shall be served in the same manner as original notices."

The only qualifications prescribed by statute, then, are that the commissioners shall be freeholders of the municipality and not interested in the same or a like question; and by designating these, it would seem others are excluded by necessary implication.   This is confirmed by the procedure prescribed.   It is outside of court unless an appeal is taken to the

district court. Section 2009 of the Code. No tribunal to pass on the qualifications of the commissioners is contemplated, save in the respects designated, and these must be ascertained by the sheriff in appointing. He is nowhere authorized to pass on other objections to commissioners, and no provision is made for interposing objections on the ground of bias or prejudice, or other disqualifying circumstance, or for passing on such objections. It cannot well be supposed, then, that qualifications other than those mentioned, which the sheriff must ascertain, are contemplated. As said in *Road Commissioners v. Morgan,* 47 Pa. St. 276:

"This is a special tribunal, a sort of a *pied poudre* court, a neighbourhood *forum* emanating entirely from the legislative will; its machinery and scope springing exclusively from the same munificent source. As such a tribunal for such purposes is not objectionable on constitutional grounds, we are bound to abide the legislative will on the subject and follow its lead."

A person cannot, according to the scheme prescribed, be a commissioner unless he is a qualified freeholder of the municipality, not interested in the same or a like question. This is the sheriff's guide in summoning them, and if he sees to it that they have these qualifications, he has performed his full duty in the matter of selection. All the decisions reaching a different conclusion construe statutes under which the court appoints the appraisers, and the hearing is before it, or the report is returned into court, and therefore in some manner under the guidance or supervision of a tribunal authorized to pass on objections to the qualifications of such appraisers. *Detroit v. Heineman,* 128 Mich. 537; *Folmar v. Folmar,* 68 Ala. 120; *Hunter v. Matthews,* 12 Leigh (Va.) 228. The remedy, in event of any injustice in fixing the damages, is by appeal to the district court, where full hearing before an impartial jury is assured. On the ground that bias or prejudice, to be inferred from previous service as a commissioner, did not vitiate the proceedings, the petition was rightly

dismissed.  In view of this conclusion, it is unnecessary to consider whether certiorari was the proper remedy.  Both judgments are—*Affirmed.*

EVANS, C. J., GAYNOR and SALINGER, JJ., concur.