In this case plaintiff filed a petition to which defendant filed an answer and an amendment thereto. Following the filing of defendant's answer, plaintiff filed a pleading entitled, "Reply, Motion to Strike, and Request for Appointment of Referee." Plaintiff also filed a reply to the amendment to the answer filed by defendant and a motion to strike same. The cause being called for trial, plaintiff moved to strike defendant's answers and for judgment on the pleadings. This motion was overruled and plaintiff ordered to proceed with the trial of the case. To this action of the court *Page 1014 
the plaintiff excepted, refused to proceed, and elected to stand on the motion. As the question involved is the correctness of the court's ruling in refusing to strike defendant's answers and to give plaintiff judgment on the pleadings, it is necessary that the allegations of the petition and of the answer and amendment thereto should be examined in some detail.
The petition filed by the plaintiff contained four paragraphs which were substantially as follows:
First. That plaintiff and defendant are school corporations.
Second. That defendant maintained a high school in the town of Grand River, Iowa, and has by agreement of the boards of directors and the county superintendent of schools permitted pupils of plaintiff corporation of high school age to attend defendant's high school for the compensation as is provided by law.
Third. That without the plaintiff's knowledge defendant has demanded of the county treasurer and taken from the funds of plaintiff sums of money far in excess of the amount provided by statute, and that demand for the restoration to plaintiff of all sums thus unlawfully taken has been made upon the defendant.
Fourth. That the exact amount taken by defendant in excess of lawful charges is unknown to plaintiff, and defendant refuses to permit an audit of its books.
The prayer of the petition asked that defendant be required to submit its books and records to the court for examination and audit, that the court ascertain the amount taken from plaintiff in excess of the amount provided by law, and that such excessive amount, with costs and attorney's fees, be restored to plaintiff.
Defendant's answer is in seven paragraphs substantially as follows:
First. Defendant denies each and every allegation of plaintiff's petition except such as are admitted.
Second. Defendant admits paragraph 1 of plaintiff's petition.
Third. Defendant states that pupils of plaintiff have been permitted to attend defendant's high school and defendant has made proper application to county officials to have the sums due from plaintiff paid to defendant for such pupils by the county treasurer, and in each instance the sum so paid has been the proper, just, and correct amount due from plaintiff.
Fourth. That the amounts received by defendant were agreed to by plaintiff. *Page 1015 
Fifth. That the sum received by defendant for tuition of pupils of plaintiff has been obtained in the regular and legal way, and that plaintiff has not objected thereto in the manner and time required by law, and for that reason has lost its right to do so; that such sum has been adjudicated, and the plaintiff cannot complain thereof; that the sum was paid with plaintiff's knowledge and consent, and plaintiff is now estopped to raise any question on account thereof.
Sixth. That all payments were received from the plaintiff through the proper officials and have been ratified, confirmed, and approved by the county superintendent in the manner required by law.
Seventh. Defendant specifically denies that it ever received from plaintiff more than what is due; denies that plaintiff has no remedy at law; and denies its right to prosecute this action.
Defendant's amendment to its answer contains four paragraphs substantially as follows:
First. That in September, 1931, plaintiff brought an action against defendant for a part of the amounts involved in this case; that answer and amendment were filed denying liability on plaintiff's claim and issues joined; that on April 28, 1932, said cause was submitted to the court and judgment entered finding and determining that defendant was not liable to plaintiff on the account claimed in said action which included a part of the claim herein.
Second. That plaintiff's claim is barred by the statute of limitations.
Third. That the tuition exacted of plaintiff was fixed by the board of directors of defendant; that, in fixing such tuition and in all other matters connected with the collection of same, such board acted judicially; that plaintiff's sole and only right was to appeal to the county superintendent, which it has failed to do within the time required by law; and that it cannot now maintain this action.
Fourth. That plaintiff has a plain, speedy, and adequate remedy at law.
Plaintiff's motion to strike defendant's answer and for judgment on the pleadings must be taken as conceding the allegations of fact contained in each paragraph of defendant's answer and amendment thereto. Scott v. Wilson, 150 Iowa 202,129 N.W. 812; In re Estate of Kennedy, 154 Iowa 460, 135 N.W. 53. Moreover, as the defendant's answer contained a general denial, all of the allegations *Page 1016 
of the petition are thus denied unless otherwise admitted in defendant's answer or amendment thereto. The only part of the petition that is admitted is the first paragraph thereof which alleges the corporate capacity of the plaintiff and defendant. The second paragraph of the petition alleges the maintenance of its high school by defendant and the agreement between the boards of directors and the county superintendent permitting pupils of plaintiff to attend such high school for compensation, as provided by law. While not specifically admitting this paragraph, the answer and amendment substantially show that an arrangement did exist by which the pupils of plaintiff attended the high school of defendant and compensation was paid therefor. The third paragraph of plaintiff's petition contains the gist of its cause of action. In that paragraph it is stated that "the defendant has without the knowledge or consent of plaintiff, demanded of the County Treasurer, and has taken from the funds belonging to plaintiff sums of money far in excess of the amount provided by statute." Nowhere in the answer or amendment thereto is there any admission of the truth of this allegation. Not only is it generally denied, but, by various paragraphs of the answer and amendment thereto, it is specifically denied, that the sums taken were in excess of the amount provided by law or that any sums were taken without the knowledge and consent of the plaintiff.
Appellant argues that the various other defenses pleaded by defendant in its answer and amendment thereto are statements of mere conclusions of law and cannot be taken as pleadings of fact. Even if this were true (which we do not decide) we do not see anything in these allegations that amounts to an admission of plaintiff's claim that, without its knowledge, defendant has taken and retains funds of plaintiff in excess of the amount due defendant. Before plaintiff could recover in this action, it was necessary for it to plead, and, unless admitted, to prove, that defendant had obtained money from the funds of plaintiff in excess of the amounts to which defendant was entitled for tuition of plaintiff's pupils. Plaintiff alleges this in its petition, but, as already seen, this allegation is denied, not only generally, but by specific denials made by the defendant. Nowhere is it admitted by defendant that it has received any moneys from the funds of plaintiff in excess of the amounts due for the tuition of plaintiff's pupils, and nowhere does defendant admit that it did not comply with all the requirements of the law *Page 1017 
in obtaining the payments which were made to it. In the face of these issues, clearly raised by the pleadings, the plaintiff was not entitled to a judgment on the pleadings. Viall v. First National Bank, 115 Iowa 11, 87 N.W. 733.
The decree and judgment of the trial court is therefore affirmed.
ALBERT, C.J., and EVANS, KINDIG, and CLAUSSEN, JJ., concur.