JAY E. DECKER, Guardian, Appellee, v. AMERICAN UNIVERSITY et al., Appellants; EDMUND DECKER DUNLOP et al., Appellees.

No. 46744.

NOVEMBER 13, 1945.

George S. Marty, of Mason City, for appellants.

R. F. Clough, of Mason City, for Jay E. Decker, Guardian, appellee.

WENNERSTRUM, J.— Plaintiff brought an action in equity wherein he, as guardian of the property of Augusta Decker, sought a decree declaring the will of Gertrude M. Decker, deceased, invalid as to three fourths of the estate left by said decedent after payment of debts, by reason of the provisions of section 11848 of the 1939 Code of Iowa. Plaintiff in his petition further pleaded that it be decreed that the executors of the will of Gertrude M. Decker be directed to pay over to the plaintiff three fourths of the net estate coming into their hands. Certain of the defendants filed a motion seeking to have the action in equity dismissed or in the alternative transferred to the law calendar. This motion was overruled. Thereafter certain defendants filed an answer. The plaintiff then moved for a judgment against these defendants on the pleadings. The court sustained this motion and by its ruling decreed that the will was invalid as to three fourths of the total estate. Augusta Decker, the mother, was decreed to be the owner of three fourths of the estate of Gertrude M. Decker, deceased. The defendants adversely affected by this ruling have appealed.

Gertrude M. Decker, unmarried, died testate on January 29, 1944. Her mother, Augusta Decker, a person of unsound mind, survived her. The will of Gertrude M. Decker has been admitted to probate in Cerro Gordo County, Iowa. The executors named therein have qualified and are now acting as such.

The record shows that under the provisions of the will the whole estate, after payment of debts, was to be distributed to certain corporations not organized for pecuniary profit. The appellants herein are three of the corporations named as beneficiaries under the will.

The corporations which are the appellants in the present action, and two of the other defendants, after the overruling of the motion to dismiss or to transfer to the law court, filed an answer. They admit the existence of section 11848 of the 1939 Code of Iowa but allege that by reason of certain facts set forth in the answer it should not apply to the will of decedent. They therein allege that the guardian of Augusta Decker, during the lifetime of Gertrude M. Decker, had made applica-

tion in the guardianship proceedings to distribute one half of the surplus income of Augusta Decker to Gertrude M. Decker; that the guardian, the appellee in the present action, by reason of said application and the subsequent order authorizing distribution in the guardianship estate, was thereby estopped and precluded from obtaining the relief sought in the guardian's petition; that Augusta Decker, during the period she was competent, gave one half of her income to Gertrude M. Decker and because of that fact the guardian is estopped from now making the contention he does; that by reason of the fact that Jay E. Decker, guardian of Augusta Decker, is her son and would benefit by the enrichment of his mother's estate he does not come into court with clean hands and because of that fact the relief which he prays for in his petition as guardian should be denied; that section 11848 of the 1939 Code discriminates against nonprofit organizations in favor of pecuniary corporations and natural persons and is unconstitutional and void in that it does not have a uniform operation and violates section 6 of Article I of the Constitution of Iowa and the Fourteenth Amendment to the Constitution of the United States.

Subsequent to the filing of the answer heretofore referred to the appellee filed a motion for judgment on the pleadings and to strike certain portions of the answer. In the motion it was alleged that the facts set out in the answer constituted an admission of the allegations, which was determinative of the issues alleged in appellee's petition and that they were binding upon the executors of the Gertrude M. Decker estate. There was also filed a motion to strike certain portions of the answer as being immaterial, irrelevant, redundant and surplusage, and in no way binding upon the rights of Augusta Decker under section 11848, 1939 Code of Iowa. The court thereafter ruled on appellee's motion for judgment on the pleadings and on the motion to strike and in its ruling held and decreed that the will of Gertrude M. Decker was invalid as to three fourths of the total of the estate bequeathed by the decedent to corporations organized for nonpecuniary profit after the payment of debts. It further held that Augusta Decker, as the surviving mother and sole and only heir of Gertrude M. Decker, be decreed to be the absolute owner of three fourths of the estate.

The questions presented in this appeal, as outlined by the appellants, are:

(1) Was this action properly brought in equity? (2) Did the allegations in appellants' answer state such defenses that it was error for the trial court to strike portions of the answer and thereafter grant judgment on the pleadings?

By reason of the nature of the action and the allegations made in the pleadings of the respective parties we set forth the section of the Code which has application to the questions here presented:

"11848 Limitation on disposal by will. No devise or bequest to a corporation organized under the chapter relating to corporations not for profit or to a foreign corporation of a similar character, or to a trustee for the use or benefit of any such corporation, shall be valid in excess of one-fourth of the testator's estate after the payment of debts, if a spouse, child, child of deceased child, or parent survive the testator."

I. Our determination of this case on the pleadings makes it unnecessary to determine the question whether this case should be tried as a law action rather than in equity. The method of trial is different in these two types of actions and it would be important to decide the issue raised by the appellants that the trial court was in error in overruling their motion to transfer to the law docket if it were necessary to have a trial. However, it is not important and imperative to do so because we find it necessary to dispose of the case on the pleadings. It would be important to pass upon the motion as presented by appellants if we were to reverse the case and remand it for trial. However, as we have decided that the case should be affirmed it is unimportant to pass upon this claimed error of the trial court. It is collateral and undecisive of the final disposition of the case and consequently we disregard it.

II. We have given consideration to the allegations of the answer which is the basis of appellee's motion for judgment on the pleadings, portions of which were stricken by the trial court on motion. It is our conclusion that there are no statements in the answer that controvert the allegations of appellee's

petition. The appellants in their answer admit the execution of the will and they also admit the existence of the statute in question. The statements made in appellee's petition are in no way denied. The entry of a judgment on the pleadings is authorized by Rule 222 of the Iowa Rules of Civil Procedure. It is true that the appellee, by filing a motion for judgment on the pleadings, admits the truth of the allegation of facts as set out in the answer filed by the appellants. In re Estate of Kennedy, 154 Iowa 460, 135 N. W. 53; Independent Sch. Dist. v. Independent Sch. Dist., 216 Iowa 1013, 250 N. W. 192. Even if the allegations in the answer are admitted it is our conclusion that they are not such as to constitute a defense to the appellee's action. The fact that during the lifetime of Gertrude M. Decker her mother, Augusta Decker, while competent, gave her daughter one half of the mother's income cannot create an estoppel and prevent the appellee from obtaining the relief sought in his petition. Neither is it a defense to the action brought by the guardian that he sought and obtained an order in the probate court authorizing payment to Gertrude M. Decker of one half of the mother's income.

It is a general rule in considering a plea of estoppel that a party claiming an estoppel must not only have believed and relied upon the words and conduct of the other party but also must have been thereby induced to act, or to refrain from acting, in such a manner and to such an extent as to change his position or status from that which he would otherwise have occupied. 19 Am. Jur. 732, section 84; Schoonover v. Osborne, 193 Iowa 474, 187 N. W. 20, 27 A. L. R. 465; Anfenson v. Banks, 180 Iowa 1066, 163 N. W. 608, L. R. A. 1918D, 482; Hicks v. Northwestern Mut. L. Ins. Co., 166 Iowa 532, 147 N. W. 883, L. R. A. 1915A, 872.

There is nothing in the answer, a portion of which was stricken, that in any way indicates that Gertrude M. Decker had been induced to act or refrained from acting in connection with the making of her will by reason of the gifts from her mother. There is no statement in the answer which would in any way indicate that Miss Decker changed her position or status from that which she would otherwise have occupied because of the acts of the mother in making the gift. It is like-

wise true that there is nothing stated in the answer which indicates or shows that Gertrude M. Decker had been induced to act or refrain from acting as she did in making her will or that she changed her position because the guardian of her mother's estate had made distribution to her under order of court of a portion of the mother's income, as had her mother while competent.

III. It is our further conclusion that even if it be admitted that Jay E. Decker as an individual would benefit by the enrichment of his mother's estate by favorable conclusion of the pending action, that fact does not preclude him as guardian from acting in his mother's behalf. Jay E. Decker as an individual and Jay E. Decker as guardian are two distinct persons. He is not in court as an individual. He is in court as a guardian and is merely asserting the legal rights of his ward. There is no basis for the contention that he is not acting with clean hands.

IV. It is appellants' further claim that section 11848 of the 1939 Code is invalid and unconstitutional because it is repugnant to section 6 of Article I of the Constitution of Iowa and the Fourteenth Amendment to the Constitution of the United States in that it unreasonably and arbitrarily discriminates between certain classes of corporations. The Iowa constitutional provision referred to states:

"All laws of a general nature shall have a uniform operation; the General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities, which, upon the same terms shall not equally belong to all citizens."

Appellants contend that section 11848 discriminates against corporations organized for charitable purposes in favor of all other persons and classes of persons, including corporations organized for profit. It is asserted that the statute says—and we quote from appellants' brief: "You can give all your estate at the time of your death to anyone whomsoever, except that we will not allow you to give it to a charitable institution."

Is the criticism of the statute, as made by appellants, a justifiable one? In other words, is the limitation placed upon

corporations organized for charitable purposes an unreasonable one? We do not think so.

Although this court has not heretofore passed upon the constitutionality of this statute, we did make the following comment concerning it in the case of Karolusson v. Paonessa, 207 Iowa 127, 131, 222 N. W. 431, 433:

"The purpose of the statute was obviously to prevent a testator from disposing of more than one fourth of his estate for charitable purposes where he was survived by any of the persons designated. It was, in a sense, a legislative recognition of the adage, 'Charity begins at home.' "

In the case of In re Estate of Ihmes, 154 Iowa 20, 24, 134 N. W. 429, 430, this court, in commenting upon the statute involved in the present case, stated:

"The design of the statute quoted is to restrain the power of the testator in giving, thereby preventing him from disregarding the just claims of those with natural expectations on his bounty, through pious or philanthropic motives. Its purpose is to protect the natural objects of his bounty from imprudent gifts to their neglect. Its aim is to prevent the giving of an undue proportion to charity by will when relatives have, in the opinion of the Legislature, a better claim. But it does not compel the testator to give his property to his relatives, nor deprive him of the right to give it all to charity during life. Amherst College v. Ritch, 151 N. Y. 282, (45 N. E. 876, 37 L. R. A. 305); Jones v. Habersham, 107 U. S. 174, (2 Sup. Ct. 336, 27 L. Ed. 401); Allen v. Stevens, 161 N. Y. 122, (55 N. E. 568, 575). It may have been recognized by the Legislature that men when approaching death are often beset with difficulties not conducive to the calm balancing of the claims of charity and of near relatives."

In the consideration of the statute in question we can reach no other conclusion than that the statute is not arbitrary and discriminatory. In the first place, it is our conclusion that it is within the right of the legislature to provide by statute that a person shall not make disposition of his entire estate for charitable purposes to the ultimate harm of the

persons designated in the statute. It is also reasonable to consider that the legislature had in mind that few wills, if any, in the history of jurisprudence have ever been probated where a corporation organized for pecuniary profit was named as the recipient of a bequest. Then, too, it should be remembered that statutes such as are here under consideration were originally enacted to correct certain abuses that had developed (28 R. C. L. 78, section 25), and later have been enacted to correct the evil of making bequests for charitable purposes to the detriment of those who should be the object of a testator's bounty. We do not believe that the statute is discriminatory when we keep in mind the improbability of an advantage ever developing in favor of a corporation organized for pecuniary profit. The statute must be considered in connection with its practical application.

We have previously held that the legislature of this state has the right to control the matter of the descent of property of a deceased person. In the case of In re Estate of Emerson, 191 Iowa 900, 905, 183 N. W. 327, 329, we made the following statement:

"The right to take property by devise or descent is a statutory privilege, and not a natural right. Such matters are strictly within legislative control. Our state Constitution, in its Bill of Rights, insures and secures the acquiring, possessing, and protecting property as an inalienable right. Constitution of Iowa, Article 1, Section 1. This guaranty, however, ceases to operate at the death of the possessor. Neither our state nor our Federal Constitution secures the right to anyone to control or dispose of his property after his death, nor the right to anyone, whether of kin or not, to take it by inheritance. Strode v. Commonwealth, 52 Pa. 181; Magoun v. Illinois Tr. & Sav. Bank, 170 U. S. 283; In re Estate of Magnus, 32 Colo. 527; Booth's Exr. v. Commonwealth, 130 Ky. 88; Eyre v. Jacob, 14 Gratt. (Va.) 422. The legislature may restrict the succession of estates of decedents in any manner, and, if it pleased, could absolutely repeal the statute of wills and of descent and distribution. It could, in the exercise of sovereignty, take any or all property; upon the death of the owner, for the payment of decedent's

debts, and apply the residue to public uses. Our statutes, therefore, cover the entire field of succession, either by descent or by will. Every conceivable case is comprehended within the statute. Equitable rules cannot be imposed, nor the canons of common or civil law invoked."

See, also, 68 C. J. 503, 504, section 122.

Then, too, we should keep in mind that courts are reluctant to declare enactments unconstitutional and will do so only when the violation is clear, palpable, and practically free from doubt. State ex rel. Welsh v. Darling, 216 Iowa 553, 556, 246 N. W. 390, 88 A. L. R. 218.

Upon a thorough consideration of the claim that the statute is discriminatory and arbitrary in its application and therefore unconstitutional we hold that such a conclusion is not tenable.

We have therefore reached the conclusion that the trial court was correct in entering judgment upon the pleadings and that it should be affirmed.—Affirmed.

MILLER, C. J., and MANTZ, SMITH, OLIVER, GARFIELD, MULRONEY, and HALE, JJ., concur.

BLISS, J., takes no part.