REYNOLDS v. MARTIN.

1. **Account:** ASSIGNMENT OF: COUNTER-CLAIM. The maker of an open book account may avail himself of any defense or counter-claim against the assignee which he may have against any assignor, before suit is commenced thereon in the name of the assignee.

*Appeal from Linn Circuit Court.*

MONDAY, JUNE 9.

IT was admitted in the court below that the facts of this case are as follows:

"1. That this cause comes before this court for trial on appeal from W. G. White, J. P., of Marion township. Defendant, Colwell Martin, as appellant, and Nathan Reynolds, plaintiff, as appellee.

"2. That defendant had some lumber sawed at the saw-mill of one Charles Foulk, assignor of the account in controversy, in the spring of 1877, and that settlement was necessary to ascertain the amount due from the defendant on said account.

"3. Said Foulk borrowed some money of plaintiff in June, 1877, and at the same time, to secure the payment thereof, he assigned, by agreement, the account in controversy against the defendant, and was to ascertain the exact amount due by settlement with defendant, and report the same to plaintiff.

"4. That defendant called on one A. K. Davis and bought a note and account against Charles Foulk, when he was on his way to settle with said Foulk, to-wit: November 10, 1877, and at or before that time Davis sold him the note and ac-

Reynolds v. Martin.

count, amounting to twenty dollars and sixty-four cents and interest.

"5. That afterward, on the same day, to-wit: November 10, A. D. 1877, Foulk and defendant had an accounting and settlement, and there was found to be due plaintiff on the account assigned to him by said Foulk against the defendant for sawing, etc., eighteen dollars and ninety-five cents, and defendant then and there introduced as an offset the note and account purchased from Davis against said Foulk, amounting to twenty dollars and sixty-four cents and interest, and Foulk refused to allow the same, saying he had sold the account to Reynolds, this plaintiff, and had so told him before.

"6. It is admitted that the testimony shows that Foulk, sometime in September and October, 1877, had given Martin notice of the assignment to Reynolds, but there was much conflict in the testimony on this previous notice; but it is admitted, and the testimony shows, that he had the notice before the time alleged he purchased the note and account.

"7. That suit was commenced by the plaintiff in this action on the 13th day of November, 1877, three days after the settlement, and the time the Davis note and account were offered as an offset to the account herein sued on."

The cause was tried to a jury, and a verdict was returned for the plaintiff for twenty dollars and twenty cents. The defendant's motion for a new trial was overruled, and judgment was rendered in favor of plaintiff upon the verdict. The defendant appeals.

*George W. Wilson*, for appellant.

No argument for appellee.

DAY, J.—The judge who tried this cause executed the following certificate: "Appeal allowed. And I hereby certify 1. ACCOUNT: that this case involves the determination of a assignment of: counter-claim. question of law upon which it is desirable to have the opinion of the Supreme Court, to-wit: The construction

of sections 2086 and 2087—Can the maker of an open book account avail himself of any defense or counter-claim against the assignee which he may have against any assignor, before suit is commenced thereon in the name of the assignee?" No other question than the one above presented will be considered on this appeal. See Rules of the Supreme Court, § 12. The sections referred to in this certificate are as follows:

"2086. When by the terms of an instrument its assignment is prohibited an assignment of it shall, nevertheless, be valid, but the maker may avail himself of any defense or counter-claim against the assignee which he may have against any assignor thereof before suit is commenced thereon.

"2087. An open account of sums of money due on contract may be assigned, and the assignee will have the right of action in his own name, but subject to the same defenses and counter-claims as the instruments mentioned in the preceding section."

These sections are identical with sections 951–2 of the Code of 1851, and 1798–9 of the Revision, except that in those sections the words "set-off, legal or equitable," are employed instead of the words "counter-claim," which are used in the Code of 1873. The revision recognized a distinction between a set-off, a counter-claim and a cross-demand. See sections 2886, 2889 and 2891. No such distinction was recognized by the Code of 1851. See section 1740. The Code of 1873 abolishes this distinction, the counter-claim embracing what was denominated a set-off in the Code of 1851, and what was included under the terms of set-off, counter-claim and cross-demand in the Revision, so that the sections under consideration are identical in meaning with sections 951–2 of the Code of 1851. See Code of 1873, § 2659.

In *Zugg v. Turner*, 8 Iowa, 223, a set-off was claimed under sections 951–2 of the Code of 1851. In that case Folger made an assignment to Zugg of a claim which he held against

Turner, and Turner had notice of the assignment. At the time of the assignment Folger was not indebted to Turner. After Turner had notice of the assignment Folger became indebted to Turner in the sum of fifty dollars for rent, and after Folger became so indebted Zugg sued Turner upon the assigned account. In said action Turner claimed a set-off for the amount due him from Folger for rent. It was held that he was entitled to the set-off.

That decision, it seems to us, is decisive of the question submitted in this case. Indeed, the statute is so plain that it is scarcely susceptible of construction. It provides: "The maker may avail himself of any defense or counter-claim against the assignee which he may have against any assignor thereof, before suit is commenced thereon." The object of the statute is to render claims assignable which were not so at common law. It is not unreasonable that the effect of the assignment should be such as this statute prescribes. It is clear, from the agreed statement of facts, that before the plaintiff sued the defendant the defendant held a demand against Foulk which could have been set up as a counter-claim if Foulk had sued the defendant. The demand, under the statute, is, therefore, available against plaintiff, the assignee of Foulk. Under the facts agreed upon the plaintiff holds his claim subject to the defendant's counter-claim. The court should have set aside the verdict and granted a new trial.

REVERSED.