P. E. WIKEL *et al.*, Appellants, v. J. D. GARRISON, Sheriff, *et al.*, Appellees.

Set-off: JUDGMENTS : ESTATES OF DECEDENTS. A debtor to an estate of a decedent, against whom a judgment has been obtained by the administrator in favor of such estate, is entitled to set off against such judgment claims filed and proved against such estate, and which existed in favor of said debtor prior to the death of the decedent, but not claims purchased by him after such event.

*Appeal from Harrison District Court.*—HON. C. H. LEWIS, Judge.

TUESDAY, MAY 19, 1891.

THIS is an action in chancery to enjoin the enforcement of an execution issued on a judgment in favor of the defendant Miles, administrator, and against the plaintiffs, and held for service by the defendant Garrison, sheriff, on the ground that the plaintiff Wikel holds a judgment against the defendant Miles, administrator, on an order made by the probate court for the payment of claims against the estate. Upon the final hearing of the cause on the merits the plaintiffs' petition was dismissed. They now appeal to this court. *Reversed.*

*L. R. Bolter & Sons*, for appellants.

*McMillan & Kindall* and *S. H. Cochran*, for appellees.

BECK, C. J.—I. The facts in the case, as disclosed by the record, are these: The defendant Miles, administrator, recovered in this court a judgment against the plaintiff Wikel, and his sureties, in an appeal, upon the affirmance of a judgment of the court below, which was rendered upon a claim accruing to the intestate in his lifetime. Subsequently, the plaintiff herein, Wikel, recovered a judgment against the administrator upon a claim for services, care, clothing, food and medicines furnished by the plaintiff to the intestate. The plaintiff's wife recovered a judgment against the administrator for sixty dollars and fifty cents, for money paid by her for and on account of the intestate in his lifetime. These judgments were rendered after the judgment was had in favor of the administrator. It is shown that the judgment in favor of the wife of the plaintiff Wikel was assigned to him. It appears that these "judgments," so called, are really orders allowing the claims and establishing them, against the estate, had in the usual proceedings for establishing claims. The administrator caused execution to be issued on his judgment, which the sheriff seeks to enforce against Wikel and his sureties upon the appeal, and the latter seek in this proceeding to set off the judgment in Wikel's favor against the judgment upon which the execution was issued. The estate has no assets other than the judgment against the plaintiffs in favor of the administrator, and there is due the administrator a sum nearly equal to the amount of the judgments against the plaintiff.

II. It will be observed that in the lifetime of the intestate Wikel held a claim against him, while at the same time the intestate held a claim against Wikel. This claim of Wikel could have been set off or pleaded as a counterclaim to the claim of the intestate in any

proceeding to enforce it before his death. Code, sec.
2659 ; *Reynolds v. Martin,* 51 Iowa, 324. The rights of
the parties thus became fixed, and the claim of the
intestate, when it became assets of his estate in the
hands of the administrator, was subject to the same
defenses existing against it during the lifetime of the
intestate. Wikel's claim is, therefore, a counterclaim,
which may be set off or pleaded against the claim sought
to be enforced by the administrator. *Lucore v.
Kramer,* 22 Iowa, 387 ; *Ware v. Howley,* 68 Iowa, 633 ;
*Toerring v. Lamp,* 77 Iowa, 488. The right of set-off
may be enforced in equity. 2 Story, Eq. Jur., sec.
1431 ; *Davis v. Milburn,* 3 Iowa, 163.

III. But Wikel cannot set off the judgment in
favor of his wife, assigned to him, against the claim of
the estate. The assignment was not made until after
the death of the intestate, and after the judgment
in controversy against the plaintiff herein had been
rendered. At the time of the assignment, the rights
of the administrators and the creditors had become
fixed. The claim against Wikel had become assets
of the estate in which the creditors of the estate
and the administrator had an interest,—they for the
payment of their claim, and he, for the payment of
costs and expenses paid and incurred by him. It
is very plain that Wikel, as a debtor of the estate,
could not purchase claims against it, and in that way
defeat the provision of the law for the collection of
debts owing to the estate, and the payment of debts
owed by the intestate. If the debtor of an estate may
purchase claims against the estate, and enforce them as
counterclaims, the rights and priorities of creditors and
the rights of the administrators would be subject to
defeat at the will of debtors. In our opinion, the
claim of Wikel, assigned to him by his wife, cannot be
enforced in the action as an equitable or legal set-off or
counterclaim against the plaintiff's judgment.

IV. Defendants insist that Wikel cannot enforce
his right to a set-off or counterclaim in this action for
the reason that there are costs and expenses paid by or

due to the administrator about equal to the claim held by Wikel against the estate. It is plain that, as Wikel's rights to the set-off were fixed before the death of the intestate, they cannot be defeated by the acts of the administrator. Surely, a creditor to an estate, as the plaintiff is, by reason of his counterclaim, cannot be required to pay the costs of administering upon the estate. It will not do to say that his counterclaim cannot be sustained, for the reason that it would, if allowed, satisfy a claim which is of the assets of the estate, and otherwise would be applied to the payment of costs and expenses of administration. The law will not in this way impose upon a debtor or a creditor of an estate the burden of the costs and expenses of administration.

These considerations dispose of all questions in the case, and lead us to the conclusion that the judgment of the district court ought to be reversed. The cause will be remanded to the court below for a decree in harmony with this opinion.