C. C. VIALL, doing business as C. C. VIALL & COMPANY, v. THE FIRST NATIONAL BANK OF MISSOURI VALLEY, WILEY MIDDLETON, Intervener, Appellants.

**Judgment on Pleading:** ADMISSIONS. Where, in an action against a bank to recover a deposit, the complaint demanded a certain sum which was denied to be due by one paragraph of the answer and admitted to be due "the proper" person, in another,

and an intervener was alleged to be such person, in another, and intervener pleaded his rights thereto, there was no admission of debt due plaintiff by defendant, authorizing judgment on the pleadings.

*Appeal from Harrison District Court.*—HON. F. R. GAYNOR. Judge.

MONDAY, OCTOBER 21, 1901.

ACTION to recover $1,007.82 alleged to be due to plaintiff as balance on account from the defendant bank. The defendant answered as hereafter appears, and moved that plaintiff be required to bring in Wiley Middleton as a party, and, on notice, he appeared and filed his petition of intervention, claiming the money sued for. Plaintiff moved for judgment on the pleadings against defendant and intervener, which was sustained "with leave to the plaintiff to introduce testimony as to the amount due the plaintiff upon his cause of action." Testimony was taken as to the amount, and judgment rendered in favor of plaintiff against the defendant bank for $1,135.47, the amount sued for, with interest, and dismissing intervener's petition. Defendant and intervener appeal.—*Reversed.*

*J. S. Dewell* for appellant.

*S. I. King* for appellee.

GIVEN, C. J.—I. Appellant presents three propositions, namely: Was the motion for judgment proper at the time and under the allegations of the pleadings? If proper, was the court warranted in sustaining the same? Was the court warranted in dismissing the petition of intervention? A consideration of these contentions requires that we notice what the allegations of the pleadings are. They are quite lengthy, but may be summed up as follows: Plaintiff states as his cause of action that during the years 1894, 1895, and 1896 he was engaged in business in Chicago; that during those years he deposited with the defendant bank, at divers

times, sums of money; that defendant rendered to him monthly statements; that in August, 1896, he ceased doing business with defendant; that there was then due to him $1,007.82 of the money so deposited; that all the money so deposited was his, and subject alone to his order; that he demanded the same, and that defendant refused to pay it, wherefore, he demands judgment for $1,007.82, and interest. The answer and petition of intervention are in substance as follows: The answer is in five paragraphs. The first admits that defendant is a corporation; the second "denies generally the other allegation of said petition," and the fifth "admits that the amount due on the account as aforesaid to the proper party entitled thereto, if any there should be, is the sum of $1,007.82." The third paragraph alleges that the account was opened and kept at the request of Middleton, that plaintiff had nothing to do with opening the same or making the deposits; that Middleton, being engaged in business known as "commission" or "bucket shop" business, deposited money and caused the account to be kept in the name of plaintiff, and so continued until in 1896; that at the direction of Middleton defendant rendered statements from time to time, showing the amount due; that about May, 1896, Middleton notified defendant that the money was his, not to pay it to plaintiff; and that Middleton still claims to own said money. In the fourth paragraph defendant alleges if the deposits were in fact deposited as the money of plaintiff it was on account of illegal and prohibited transactions, namely, contracts relating to options and margins on the markets. The petition of intervention is to the effect that plaintiff and intervener agreed verbally to operate a "commission office, commonly called a 'bucket shop,'" interverer to take orders from parties desiring to buy or sell grain, etc., to collect the usual "margins," plaintiff to transact a portion of said business in Chicago, they to divide the profits; that said account was in fact with intervener, but kept in the name of plaintiff, for convenience; that the money was deposited by intervener

in connection with said business, and that plaintiff has no
right thereto; that intervener took orders from parties
agreeing to buy or sell grain, stocks or merchandise, said
purchases being in the manner known as buying or selling
options, or on margins, many of which orders were reported
to plaintiff to handle in Chicago; that many of the parties
failed to pay the usual margins, and that intervener advanced $1,190.38 of his own money to be credited on said
account because of said failures to pay; that in those transactions no actual delivery of grain, goods, or commercial
commodity was made or contemplated; that it was orally
agreed between plaintiff and intervener that said account
should be kept in the name of plaintiff, and that he "should
at all times keep in said bank a sufficient amount of money
to fully protect intervener on account of all transactions
made by him there and sent to or reported to them." Intervener asks that plaintiff's petition be dismissed, and that
he have judgment against the defendant for said $1,007.82.

II.    Appellant's counsel says that a motion for judgment on the pleadings is properly entertained "when an
amount is admitted to be due." The amount must be admitted to be due to the person in whose favor judgment is
asked. If it should be said that notwithstanding the general
denial of the bank it admits an amount due from it, it does
not admit that it is due to the plaintiff. In the third paragraph of the answer it emphasizes its general denial by alleging, in effect, that the money is due to the intervener.
Defendant and intervener each pleads that the deposits were
by the intervener, and, as to the plaintiff, they plead that
the transaction was illegal, and the intervener asks judgment
against the defendant upon the allegations of his petition.
Surely, with these issues joined, it cannot be said that an
amount is admitted in the pleadings to be due from the
defendant bank to the plaintiff. We think the court erred
in rendering judgment on the pleadings, and that the case
should have gone to trial on the issues joined.—REVERSED.