BLANCHE COLEMAN AND HELEN R. COLEMAN, A MINOR, BY
    HER NEXT FRIEND, BLANCHE COLEMAN, APPELLANTS.
    V. S. W. McGREW, EXECUTOR, ET AL., APPELLEES.

FILED MAY 5, 1904.   No. 13,575.

1. **Fraternal Insurance Certificates:** PROCEEDS: INJUNCTION. Under
   the provision of section 97, chapter 43, Compiled Statutes, the
   proceeds of a certificate of a fraternal benefit association are not,
   before payment to the person entitled thereto, liable for any debt
   of a certificate holder, or of any beneficiary named in such cer-
   tificate.

2. **Equity:** TRUSTS. A court of equity has jurisdiction to enjoin a
   trustee from the misappropriation of trust funds at the suit of a
   *cestui que trust.*

APPEAL from the district court for Gage county:
CHARLES B. LETTON, JUDGE.   *Reversed.*

*E. O. Kretsinger* and *M. B. Davis,* for appellants.

*Griggs, Rinaker & Bibb* and *Reavis & Reavis, contra.*

OLDHAM, C.

On April 14, 1897, Robert W. Coleman and Alice M.
Coleman, his wife, signed and delivered their promissory
note to the State Bank of Humboldt, Nebraska, for the
sum of $350, with interest at the rate of 10 per cent.   On
the 2d day of July, 1897, Robert W. Coleman departed this
life, and on the 28th day of August, 1897, Alice M. Cole-
man also departed this life, leaving the defendant, S. W.
McGrew, as executor of her last will and testament, and
plaintiffs Blanche Coleman and Helen R. Coleman as sole
legatees of the will.   Defendant S. W. McGrew, executor
of the estate of Alice M. Coleman, was also the personal
representative of the estate of Robert W. Coleman.   The
note of the defendant bank was proved against each of
these estates.   The estate of Robert W. Coleman was in-
solvent, and paid but 50 cents on the dollar of its in-
debtedness, leaving one-half of the amount due on the note

54

to the defendant bank as a charge against the estate of Alice M. Coleman. After the note to the defendant bank had been allowed against the estate of Alice M. Coleman, the executor sought, by motion filed at the succeeding term of the county court, to have the order allowing the claim against the estate of Alice M. Coleman set aside. This order was granted in the county court, but on error proceedings instituted in the district court, the order was reversed. The order of the district court, reversing the judgment of the county court, was reviewed on error proceedings in this court, in the case of *McGrew v. State Bank*, 60 Neb. 716, and affirmed.

Afterwards, Blanche M. Coleman and Helen R. Coleman, as sole legatees of Alice Coleman, instituted the present cause of action, for the purpose of restraining the executor of their mother's estate and the defendant bank from applying the funds in the hands of the executor, received from the proceeds of three fraternal benefit policies, to the payment of the claim of the bank against the mother's estate. The petition filed is quite lengthy, the material allegations being that the plaintiffs are the sole legatees and heirs at law of Alice M. Coleman, deceased, and that defendant S. W. McGrew is the executor of her last will and testament; that, at the time of the death of Alice M. Coleman, she was possessed of no separate estate of her own, but was beneficiary in a certificate held by her husband in the Modern Woodmen of America, for $2,000, in the Ancient Order of United Workmen, for $2,000, and in the Knights of Pythias, for $2,000; that each of these companies were fraternal benefit associations, authorized under the laws of the state of Nebraska; that there were no other assets except the proceeds of these policies in the hands of the executor, with which to pay the claim against the estate. The petition also alleged that the claim had been allowed through a conspiracy between the executor and the bank; but, before passing, we might say that there is no proof whatever in the record to sustain this allegation. The de-

fendant executor answered the plaintiffs' petition, admitting each of the allegations except that of a conspiracy. The defendant bank answered, denying the capacity of the plaintiffs to maintain this cause of action, challenging the jurisdiction of the district court, and pleading a former adjudication of the claim against the estate of Alice M. Coleman. On issues thus joined, there was trial to the court, judgment for the defendants, and plaintiffs appeal to this court.

All the facts necessary to an adjudication of this case are either admitted by the pleadings or established without contradiction in the record. These are, that the claim of the defendant bank had been formerly proved against the estate of Alice M. Coleman; that there were no funds of this estate in the hands of the executor, except the proceeds of the three fraternal benefit certificates above set forth; that the executor had finally settled all matters connected with the estate of Alice M. Coleman, except the claim of the defendant bank, and that, when restrained, he was about to pay this claim from the proceeds of one of these fraternal benefit certificates.

The first question, then, to be determined is, were the funds derived from the proceeds of these fraternal benefit certificates assets of the estate of the beneficiary, which are liable for the payment of the debts of the estate, or, are they a trust fund in the hands of the executor for the benefit of the children, heirs at law and legatees of the defendant? If these funds are assets of the estate, and liable for the debts of the deceased, then plaintiffs could not maintain this cause of action, for want of a present interest in the funds; but, if these funds are held in trust by the executor for the plaintiffs, their interest is immediate and the capacity to sue clearly exists. Section 97, chapter 43, Compiled Statutes (Annotated Statutes, 6489), which was originally section 7 of the fraternal beneficiary association act of this state (ch. 47, laws of 1897),provides: "The money or other benefit, charity, relief or aid to be paid, provided or rendered by any society authorized to

do business under this act, shall not be liable to attachment by trustee, garnishee or other process, and shall not be seized, taken, appropriated or applied by any legal or equitable process, or by operation of law, to pay any debt or liability of a certificate holder or of any beneficiary named in a certificate, or of any person who may have any right thereunder." This statute clearly exempts these funds from the debts of the testatrix, and constitutes them a trust fund in the hands of the executor for the benefit of plaintiffs, who are legatees and sole heirs at law of the deceased.

Having arrived at the conclusion that the proceeds of these fraternal benefit certificates are not an asset liable for the debts of the estate, it follows that the plea of *res judicata* relied upon by the appellees is entirely unavailing. The filing of the claim for probate and its allowance amounted to no more than an adjudication of the fact that the estate of Alice M. Coleman was indebted to the defendant bank in the sum found to be due on the note, but there was nothing in this finding that could determine the question of the liability of the funds now in the hands of the executor for the payment of the claim. When the claim was allowed, it became a lien on such funds in the hands of the executor as might legally be appropriated in its discharge, and no other.

The same course of reasoning disposes of the objection of the appellees to the jurisdiction of the district court to hear and determine this cause of action. This objection is based upon the proposition that the county court has sole and exclusive jurisdiction of probate matters, but, if we are correct in the conclusion already reached, the question involved has no connection with the proceedings connected with the probate of the will of the deceased. It is simply an application by the *cestui que trust* to a court of equity for an order restraining the trustee from misappropriation of the trust funds, and the jurisdiction of a court of equity to grant this relief is grounded on the fundamental principles of equity jurisprudence.

We therefore conclude that the learned district court erred in dismissing plaintiffs' bill, and we recommend that the judgment of the district court be reversed and the cause remanded, with directions to the lower court to render judgment in favor of the plaintiffs, permanently enjoining the executor and the judgment creditors from applying the proceeds of the fraternal benefit certificates in the hands of the executor to the payment of any indebtedness against the estate of the testatrix.

AMES, C., concurs. LETTON, C., not sitting.

By the Court: For the reasons set forth in the above opinion, it is recommended that the judgment of the district court be reversed and the cause remanded.

REVERSED.