W. S. CROM, Appellant,. v. A. C. HENDERSON, Appellee.

JUDGMENT: On motion—Judgment on Pleadings. Motion for judg-
1   ment on the pleadings is without warrant in our practice, when
the grounds of the motion would be grounds for demurrer.
(See Tewksbury v. Title Guaranty & Surety Co., 180 Iowa 1350.)

CONTRACTS: Construction—Reasonable vs. ludicrous. A reasonable
2   construction must prevail in preference to one which would be
ludicrous, even though the latter is, in a technical sense, justi-
fied by the terms of the writing.

PRINCIPLE APPLIED: Plaintiff sold land to the defendant,
who *specifically* promised to pay $1,200 therefor. But the
contract contained the following clause:
"Either party failing to perform the conditions of this agree-
ment shall forfeit to the other the sum of $1.00, in addition to
the amount already paid."
Defendant went into possession, and always thereafter re-
tained and used the land. Plaintiff brought action to recover
unpaid installments. Defendant tendered $1.00 and costs to
date, in full discharge of his obligations.
*Held*, the quoted clause was intended to apply only in case of
a *repudiation* of the contract.

VENDOR AND PURCHASER: Action for purchase money—Defenses
3   —Defective description of land. That the land sold is defective-
ly described is not necessarily a defense to an action for the
purchase price.

*Appeal from Harrison District Court.*—J. B. ROCKAFELLOW,
Judge.

DECEMBER 18, 1917.

ACTION to recover the past due installments of the pur-
chase price of land under a contract of sale. The answer
admitted the contract, and pleaded a tender with costs.
With his answer, the defendant filed a motion praying for
judgment upon the pleadings. This motion was sustained,

and the petition was by the court dismissed. The plaintiff has appealed.—*Reversed and remanded.*

*S. H. Cochran,* for appellant.

*C. A. Bolter,* for appellee.

EVANS, J.—The written contract upon which the action purports to be based was one whereby the plaintiff purported to sell and the defendant to buy 60 acres of land in Benton County, Missouri, for a consideration of $1,200, a part of which was payable and paid at the time of the execution of the contract, and the balance thereof was payable in five annual installments, beginning on December 1, 1915, and including December 1, 1919. This action was brought in February, 1916, aided by attachment. Only the first installment was due at such date. It was alleged, however, in aid of the attachment, that only time was wanting to render the other installments due.

The contract further provided that the grantee, defendant herein, was to receive possession December 1, 1913. He was to receive a warranty deed from the plaintiff when full payment of the purchase money should be made. The contract contained the following proviso:

"Either party failing to perform the conditions of this agreement shall forfeit to the other the sum of ($1.00) one dollar in addition to the amount already paid;" also the following:

"Party of the second part hereby agrees to purchase said premises above described and to pay therefor the sum of ($1,200.00) at the times and in the manner above set forth."

In purported pursuance of the proviso first above quoted, the defendant paid into court $1.00 and costs, and pleaded the same as a tender in full satisfaction of the contract, and predicated his motion for judgment thereon.

Replying to the answer, the plaintiff pleaded that, pur-
suant to the contract, the defendant went into immediate
possession of the land, and has retained such possession
ever since, and has cut and removed therefrom timber to
the value of $600; that he has never repudiated the con-
tract nor offered to rescind, but retains the possession and
the benefits thereof.

Defendant's motion for judgment on the pleadings was
based on two grounds: (1) That the "petition shows on its
face that there is but $1.00 due on said contract, and this
defendant has filed an answer admitting the execution of
said contract and pleading a tender of said sum of $1.00,
together with costs to date." (2) "That under the pleadings
the plaintiff is entitled to no relief whatever."

This motion was sustained by the court, and a judg-
ment entered dismissing the petition. It will be noted that
the defendant's motion was predicated upon the provision
of the contract first above quoted. The theory of the de-
fendant appears to be that, though he promised to pay
$1,200 for the land, he had the option, under the contract,
to satisfy the demand for $1,200 by the payment of $1.00.
It goes without saying that, if the contract gave him such
an option, it was to his interest to exercise it.

A little closer attention to the ordinary rules of
pleading and procedure would have avoided some of the
confusion which has involved this case, notwithstanding the
brevity of the record.

Though plaintiff brought his action at
**1. JUDGMENT: on motion: judgment on pleadings.** law on the contracts as upon a promise to pay, it is, in truth, an action for specific per-
formance, and belongs to the equity side of
the court. *Waters v. Pearson,* 163 Iowa 391; *Perrin v.
Chidester,* 159 Iowa 31. But the defendant did not attack
upon that ground, nor raise such question in any way. The
defendant filed a motion for judgment upon the pleadings.

Under our statute, there is no warrant for such a motion. The grounds of the motion were sufficient as grounds of de-- murrer. If they had been so interposed, and had been well taken, it would have left the plaintiff with a right of amendment at least. But the plaintiff does not challenge the propriety of such motion as a question of practice. The pleadings and the practice being unchallenged by either side, we must deal with them as they are.

2. CONTRACTS: construction: reasonable vs. ludicrous.

Taking them as they are, the question presented by them is, Can the defendant take and hold the benefits of the contract and satisfy its demands against him by the payment of $1.00? The question is not whether, if the defendant had repudiated the contract, he could be held to any greater damages for the breach than the sum of $1.00. Manifestly, the only fair construction of the contract at this point is that, in the event of a repudiation of the contract by either party, the damages should be fixed at this nominal sum. Its practical effect was to save to each party, for the time being, the right of a qualified rescission at will. It would be ludicrous to hold that either party could take to himself the full benefit of the contract and then satisfy his own obligation by the payment of $1.00.

It is pointed out by counsel for appellee that the de- scription of this land appearing in the contract is as follows:

"The following described premises situated in Benton County, State of Missouri, to wit: NW frl. ¼ of SE¼ of SW¼, NE¼, Section 26, Township 41, sixty acres more or less all lying east of the public highway and containing sixty acres more or less according to the government sur- vey."

It is first urged that the description

**3. VENDOR AND PURCHASER: action for purchase money: defenses: defective description of land.** discloses no "Range," and that, because of this uncertainty, the contract describes no particular tract of land. It is further pointed out that the government subdivisions described only 2½ acres, instead of 60 acres. Granting that the description is defective or mistaken, the contract is not for that reason necessarily nugatory. The mistake may have been purely clerical, either in the contract or in the pleading. If the mistake was in the contract, it is subject to reformation; if in the pleading, it was subject to amendment. The point was not raised in any specific sense in the defendant's motion.

It is further urged in argument by appellee that this land is in the Ozark mountains, in a "God-forsaken country," and that the defendant has never found it, and that he never learned just where it was until the petition in this case was filed. If these facts be true and material, they do not appear from the pleadings. They therefore furnish no basis for the defendant's motion. The argument itself illustrates the impropriety of the motion as a method of disposition of the case. If there are facts which would render inequitable the enforcement of this contract against the defendant, they should have been pleaded, thereby tendering an issue thereon. It is enough to say that the motion for judgment on the pleadings should not have been sustained. The judgment below is therefore reversed, and the cause remanded.—*Reversed and remanded.*

GAYNOR, C. J., LADD and SALINGER, JJ., concur.