IN RE ESTATE OF NANNIE TELLIER.

F. L. LOREY, Administrator, et al., Appellees, v. R. L. FLORA et al., Appellants.

No. 40270.

April 14, 1930.

*A. P. Olsen* and *Hoffman & Hoffman,* for appellants.

*McGinnis & McGinnis,* for appellees.

Evans, J.—The decedent, Nannie Tellier, died intestate in February, 1929. She was the surviving widow of Charles Tellier, who died in October, 1928. She was the beneficiary of an insurance policy upon the life of her husband for $3,000, which amount was duly paid to her in her lifetime. No administration was had upon the estate of her husband. At the time of her death, she had on hand unexpended of the avails of the insurance policy the sum of $2,000. These funds constituted the only assets of her estate. Claims against her estate were filed, to the amount of $1,600. Two of these claims, amounting approximately to $1,000, were the debts of the decedent, antecedent to the death of her husband. The principal claim of this kind was that of the Farmers Bank, which bore date in 1917, and was the obligation of both husband and wife. The trial court held that the fund in question could not be applied by the administrator to the payment of any debt which was antecedent to the death of Charles Tellier, the insured. No claim of exemption was made as against debts incurred by the decedent after the death of the insured.

The determination of the case involves the construction of Section 8776 of the Code of 1927, which is as follows:

"8776. Policy Exempt from Execution. A policy of insurance on the life of an individual, in the absence of an agree-

ment or assignment to the contrary, shall inure to the separate use of the husband or wife and children of said individual, independently of his creditors.

"The proceeds of an endowment policy payable to the assured on attaining a certain age shall be exempt from liability for any of his debts.

"Any benefit or indemnity paid under an accident policy shall be exempt to the assured, or in case of his death to the husband or wife and children of the assured, from his debts.

"The avails of all policies of life or accident insurance payable to the surviving widow shall be exempt from liability for all debts of such beneficiary contracted prior to the death of the assured, but the amount thus exempted shall not exceed five thousand dollars."

The foregoing section, as printed in the Code, appears in four paragraphs. We preserve its form in our foregoing quotation thereof.

The precise question presented has never confronted us before. Exemption is an affirmative right. It is a creation of the statute. Ground for it must be found, if at all, in the statute, and any claim for it must be predicated upon the statute. If there be any basis for allowance of the exemption claimed herein, it must be found in the foregoing Section 8776, and we proceed to an analysis thereof.

The second and third paragraphs of this section may be disregarded, as having no application to our case. The appellees rely upon the first and fourth paragraphs, and contend that a proper interpretation of these two paragraphs sustains their claim of exemption.

The first paragraph provides for an exemption of the proceeds of a policy to the "wife and children" of the policyholder. It provides also for an exemption of such proceeds to "wife and children" against the debts of the policyholder. This proviso is subject to one exception, viz: "in the absence of an agreement or assignment to the contrary." This paragraph can have application only to a policy payable to the assured himself, or to his estate. If the policy be payable to "another," or shall have been assigned to another, then there *is* an "agreement or assignment to the contrary," and the paragraph is rendered inapplica-

ble. If there be no agreement or understanding to the contrary, and if the policy be payable to the assured or his estate, then the avails will pass to "wife and children" of the policyholder "independently of creditors." In such a case, exemption arises in favor of "wife and children," as against the debts of the policyholder. Under this paragraph, exemption is not created as against the debts of the widow or the children themselves. The avails thus received by them would, under this paragraph, and in the absence of Paragraph four, become at once subject to the debts of the beneficiaries themselves. At this point, the appellees look to Paragraph four for help. Historically, Paragraph four was a later adoption. This Section 8776 existed, in the first instance, in prior codification, without Paragraph four thereof. In the case at bar, the policy was not payable to the assured or to his estate. It was payable to the widow herself. She took it, therefore, as any other named beneficiary would have taken it. In the absence of Paragraph four, however, she would have taken it subject to her own debts. Paragraph four created for her, in the event that the policy was payable to her, an exemption against her own debts. The fact that the policy was payable to her, and not to the policyholder, took the case out of the operation of Paragraph one. It brought the case within the exception of Paragraph one. By Paragraph one, the terms of the policy were permitted to control the disposition of the proceeds. The terms of the policy carried its proceeds, not to the "wife and children," but to the wife alone. In such a case, Paragraph four came into operation, and created an exemption of the proceeds for the widow against her own debts. Under Paragraph one, an exemption was created in favor of the children only against the debts of the policyholder. No exemption was provided in Paragraph one for either widow or children against their own debts. Under Paragraph four, exemption was created for the widow as against her own debts. No exemption was created in terms for the children, either as against the debts of the widow or their own debts. On the contrary, Paragraph four gives the children no recognition as having any present interest in the avails of the life insurance policy payable to the widow. The natural inference of this paragraph is that the children had no interest in such avails. In *Miller v. Miller*, 200 Iowa 1070, we held that, where a policy was payable to the assured or his executor, the

assured had the power to dispose of the proceeds by will, to the exclusion of widow and children. It would necessarily follow that the assured has power, therefore, to dispose of the proceeds in favor of the widow and to the exclusion of his children. If he may do so by will, he may likewise do so by the terms of his policy. In this case, the assured caused the policy to be made payable to the widow. This was an exclusion of the children.

The case presented,therefore, is one where the children have no interest in the insurance proceeds during the life of the widow. By force of the terms of the policy, she takes the avails thereof. What is the nature of the title thus conferred upon her? The appellees claim that she holds the funds as a quasi trustee. If any other person had been named as beneficiary, he would take such proceeds by an absolute title. What reason is there to say that the widow takes an inferior title? The appellees find such reason in the first paragraph. But the case is removed from the operation of the first paragraph by the very fact that the policyholder named the widow as payee of the policy.

It is a matter of some surprise to us that the question thus confronting us is almost without precedent in any jurisdiction. The nature of it is so practical and commonplace that it must have reposed in many cases, where its solution must have been taken for granted and acquiesced in. Counsel for appellee find in their researches only one precedent which comes close to the question in the case. *Coleman v. McGrew*, 71 Neb. 801 (99 N. W. 663).

In that case, the insured died survived by his wife, who was named as beneficiary of his insurance policy. Within a few weeks thereafter, and before the collection of the insurance, the wife also died. The Nebraska statute is said to be the substantial equivalent of our own. Controversy arose between the creditors of the deceased wife and the heirs. The court treated the fund in the hands of the administrator of the last decedent as a trust for the benefit of the heirs, and established their right thereto, as exempt.

We are not prepared to say whether the holding of that court could be sustained by differentiating that statute from our own. In the case at bar, the widow took the insurance by strict legal right, as the beneficiary of the policy. We see no logical

ground, under our statute, to hold that she took such proceeds by anything less than an absolute title. By rendering the policy payable to her, the insured effectually excluded his children from any interest therein, as he had a right to do, under Paragraph one of the Code section, and under our holding in the *Miller* case. We must logically hold, therefore, that the heirs had no interest in this fund during the lifetime of the widow. Their present interest therein arose by and after her death, and inured to them as heirs of their mother, and not otherwise. Such holding is consistent with every line in the statute. During the lifetime of the widow, the fund not only belonged to her, but it was exempt in her hands against her own debts contracted prior to the death of her husband. She could have disposed of the fund as she would, in her lifetime. Whether she could have disposed of it by will, we shall not anticipate. This resolves the problem to the final question: Did the exemption survive the debtor? Does the exemption inure to the benefit of her estate after her death? Does the exemption inure to the benefit of her heirs? We answered a like question in the negative quite recently in *Appanoose County v. Carson*, 210 Iowa ——. For the reasons here indicated, we hold that the heirs take as heirs of the widow, and not otherwise, and that the exemption provided in her favor by Paragraph four, Section 8776, ceased to operate at her death, and did not inure to the benefit of her heirs.

The decree below is, accordingly,—*Reversed.*

STEVENS, FAVILLE, DE GRAFF, ALBERT, KINDIG, and WAGNER, JJ., concur.