L. A. ANDREW, Superintendent of Banking, Appellee, v. DUNDEE SAVINGS BANK, Appellant.

No. 41791.

JUNE 20, 1933.

Banta & Williamson, for appellant.

Edw. L. O'Connor, Attorney-general, and I. D. Long, for appellee.

■ EVANS, J.—It will clarify the discussion to note first the particular grounds on which the appellee resists the appellant's claim. These are as follows: (1) That one who is debtor to an insolvent may not interpose as an offset a claim purchased by him after the insolvency; (2) that a joint debt cannot be set off against a separate debt; (3) that a defendant cannot set off a demand which he is not entitled to sue in his own name; (4) that an executor cannot, in an action against him individually, interpose as a counterclaim a debt due his testator's estate.

■ The foregoing grounds apply in the main to a statutory counterclaim. They rather ignore the doctrine of *equitable set-off* which the appellant invokes. That doctrine is a rule of equity, and is applied quite independently of the limitations, which attach to a so-called legal or statutory offset. The equitable rule has its most frequent application, as against an insolvent who is both a creditor and a debtor to his adversary. The reason for the rule is succinctly stated in the following quotation and subquotation from Brown v. Sheldon State Bank, 139 Iowa 83, 117 N. W. 289, 291:

"It is the rule in this state, as it is in many other jurisdictions, to allow set-off where parties are mutually indebted and one becomes insolvent. And it is not material that the indebtedness, sought to be canceled by offset, is not due at the time. Thomas v. [Exchange] Bank, 99 Iowa 202, 68 N. W. 780 [35 L. R. A. 379]; Wikel v. Garrison, 82 Iowa 453, 48 N. W. 803; Swentzel v. Bank, 147 Pa. 140, 23 A. 415, 15 L. R. A. 310, 30 Am. St. Rep. 718; Thompson v. Trust Co., 130 Mich. 508, 90 N. W. 294, 97 Am. St. Rep. 494; Davis v. Mfg. Co., 114 N. C. 321, 19 S. E. 371, 23 L. R. A. 322; North Chicago Co. v. St. Louis Co., 152 U. S. 596, 14 S. Ct. 710, 38 L. Ed. 565; Van Wagoner v. Gaslight Co., 23 N. J. Law 294. The case last cited involved a bank failure, and it was said: 'In cases of cross-indebtedness the assets of the bank consist only of the balance of the accounts. That is all the fund which the bank itself would have had to satisfy its creditors in case no receiver had been appointed. And

there is no equality, and no equity, in putting a debtor of the bank, who has a just and legal set-off as against the corporation, in a worse position, and the creditors in a better position, by the failure of the bank and the appointment of a receiver.'"

A few other cases may be referred to as a sufficient elaboration of the doctrine and of the liberality of its application to the particular case. A very recent case cited by appellant is Thomas v. Morristown State Bank, 53 S. D. 499, 221 N. W. 257, 260. In that case the plaintiff, Thomas, sued as an executor of his mother's estate. The defendant set up a cause of action against Thomas himself in his individual capacity and asked that it be allowed as an equitable set-off. The facts alleged were that Thomas was the sole beneficiary of his mother's estate; that no creditors were involved; that he was insolvent and a nonresident. The Supreme Court of South Dakota held that, upon proof of the facts as alleged by the defendant, it would be entitled to the equitable set-off. We quote from the opinion:

"Applying these principles to the case at bar, this situation appears: A foreign administrator comes into a court of this state having jurisdiction in equity, seeking to recover a judgment for and on behalf of an estate of a deceased person. Defendants say they have a claim against the administrator in his personal and individual capacity in excess of the amount sought to be recovered; that there are no claims against the estate to be paid; that such administrator is the only heir and is the sole distributee; and that he is insolvent. If this is true, he ought not to collect the money in the hands of defendants, take it to the state of Illinois, and there pay it to himself, thus placing it beyond their reach to satisfy their claim against him.

"Since the right to subject the interest of Thomas to the payment of his debt to the appellant bank exists, there remains for our consideration only a question of procedure: Did the bank take necessary and proper steps to secure its rights? The bank had the money in its possession, and therefore could not garnish it. It was not a creditor of the estate, and could not sue out letters of administration. If it had been Thomas' money in the first instance, the bank would have had a right of set-off, if sued by Thomas. Because it was originally estate money, it was subject to the right of the administrator to take it for payment of claims against the estate, but to the extent of the interest of Thomas it could be seized by the bank. The bank undertook to do this by holding the money

and applying it on Thomas' debt. When sued by Thomas in his official capacity as administrator, the bank answered, alleging the facts heretofore set out as a defense, and asked affirmative relief, seeking through the court to have the money applied to its debt and the certificate canceled.

"If the bank can justify its act, it is by virtue of its claim against Edward Thomas as the sole heir and the distributee of the estate. If by virtue of its claim the bank could have made a valid attachment of the money and thereby have defeated this action in trover for conversion, by the same right it ought to be able to defeat the action when its position enables it to satisfy its claim from the fund without resort to attachment. The right to apply the money on the heir's debt supports the right to retain the money lawfully in its possession and makes the retention lawful as effectually as would such right support an attachment, and make the attachment lawful.

"The trial court should have received evidence on the issue of whether or not there were any debts of the estate to be paid and who were the distributees of the residue of the estate. If it appeared that Edward Thomas was entitled to all or any part of it as heir or legatee, then the right claimed by the bank should have been tried, and if found in favor of the bank, such right would constitute a defense to the suit of the administrator in trover for conversion."

In Gardner, Trustee in Bankruptcy, v. Chicago Title & Trust Company, as Receiver of the La Salle Street Trust & Savings Bank, 261 U. S. 453, 43 S. Ct. 424, 67 L. Ed. 741, 29 A. L. R. 622, the United States Supreme Court applied the doctrine. In that case the petitioner was a trustee in bankruptcy who had on deposit in a bank, which failed, trustee funds to the amount of $20,000. The failed bank held the note of the bankrupt for $15,000. The trustee petitioner prayed an equitable set-off of the two claims. The right of set-off was sustained.

See also, People ex rel. Webb v. California State Deposit & Trust Company, 168 Cal. 241, 141 P. 1181, L. R. A. 1915A, 299. In that case an administratrix had deposited her funds in a bank, which failed. The insolvent bank held among its assets a claim against the decedent. The administratrix was permitted to plead her own claim as an equitable set-off against the claim of the insolvent upon the note of the decedent.

244

In the case before us, as already indicated, the time for filing claims against the estate of Schroeder had not expired. But that was a contingency against which the court of equity had abundant power to provide. All other persons interested in any manner in said estate, including the executor, filed their consent that one-third of the deposit in the defendant bank should be set off to the petitioner. There was therefore no other person to be prejudiced in any manner by allowing the set-off. The fact that the legal title of the asset was in the executor, as such, presents no bar to equitable action. The title of the executor was a trust purely. The beneficial ownership was in the petitioner, and had been in him since the date of his father's death. It is not a case where the asset was acquired by the petitioner after the failure of the bank. The requirement of "mutuality" and "like capacity", which obtains in a statutory offset, is not requisite under the equitable rule. Upon this record, the relief prayed for appears to be clearly equitable as between the parties; and it threatens no prejudice to any third party. We reach the conclusion that the petitioner is entitled to the relief prayed subject only to the just claims, if any, which may have been filed against the estate.

The decree is accordingly reversed.

KINDIG, C. J., and ALBERT, DONEGAN, CLAUSSEN, and STEVENS, JJ., concur.