L. F. PARKER, Receiver, Appellee, v. A. J. SCHULTZ, Appellant.

No. 42461.

DECEMBER 11, 1934.

Claud M. Smith and James D. F. Smith, for appellant.

Maher & Meloy and O. E. Johnson, for appellee.

ALBERT. J.—The fact situation shows that the note sued on was for $800, dated November 10, 1930, and due in six months, drawing 8 per cent semiannual interest, together with interest on interest after due. The bank closed its doors and the receiver was appointed on the 11th day of December, 1930.

The defendant admits the execution of the note and that there is due on the same $940.17, together with interest, but pleads as an offset against the same the following facts: That one Elon Kirchoff was a creditor of said bank at the time of the appointment of the receiver to the extent of $6,525.96, which amount had been allowed to the said Kirchoff on his proof of claim therefor, and the receiver issued a certificate for that amount to the said Kirchoff; that the defendant Schultz procured by purchase an interest in said receiver's certificate to the amount of $950, and he asks to have this offset against his indebtedness on the note. The evidence shows that this purchase from Kirchoff by Schultz occurred on the 3d day of January, 1933, and that this action was commenced on the 5th day of

January, 1933. It appears from the record that Schultz presented the assignment of a part of the Kirchoff certificate to the receiver, and that the receiver issued to Schultz a certificate in the sum of $1,407.40 before the commencement of this action. It also appears that dividends have been paid by the receiver in the sum of 32½ per cent and the dividends had been indorsed on the back of the note.

The single question presented is whether or not this offset against the Schultz note should be allowed. It is fundamental that in insolvency proceedings the question of offset is purely a question of equity, and the general statutes of counterclaim and offset, unless specially made to apply to insolvency, have no bearing on the question. While the question presented is new in this state, it is quite well settled in other jurisdictions by a universal line of authority to the end that a debtor of an insolvent bank cannot set off against his debt a claim against the bank which was assigned to him after the insolvency. See Alexander v. Peebles, 144 Ga. 78, 86 S. E. 231; Dyer v. Sebrell, 135 Cal. 597, 67 P. 1036; Assignment of Hamilton, 26 Or. 579, 38 P. 1088; Oates v. Smith, 176 Ala. 39, 57 So. 438; American Bank v. Wall, 56 Me. 167; Robinson v. Aird, 43 Fla. 30, 29 So. 633; Venango National Bank v. Taylor, 56 Pa. 14; Colt v. Brown, 12 Gray (Mass.) 233; Smith v. Mosby, 9 Heisk. (Tenn.) 501; Stone v. Dodge, 96 Mich. 514, 56 N. W. 75, 21 L. R. A. 280; Van Dyck v. McQuade, 85 N. Y. 616; Northern Trust Co. v. Healy, 61 Minn. 230, 63 N. W. 625.

The rule is purely within the doctrine of equity, because, if this set-off were allowed, it would amount to the paying of the same in full to the disadvantage of all other creditors of the bank. It therefore follows, under this rule, that the ruling of the court was right in disallowing the offset and entering judgment in favor of the receiver.—Affirmed.

MITCHELL, C. J., and KINDIG, KINTZINGER, DONEGAN, and EVANS, JJ., concur.