RALPH E. BRILEY, Plaintiff, Appellee, v. BOARD OF SUPERVISORS of Story County, and BYRON DICKEY, County Auditor, Defendants, Appellants; SUN INDEMNITY COMPANY of New York, Cross-Defendant, Appellant.

No. 44859.

56

AUGUST 1, 1939.

Hirschburg & Reynolds, for plaintiff, appellee.

Frank H. Lounsberry and Lee & Walsh, for defendants, appellants.

Davis, McLaughlin & Hise, for cross-defendant, appellant.

HAMILTON, J.—This case comes to us on an appeal from an order sustaining a motion for judgment for plaintiff on the pleadings. While there is no statutory authorization for such a motion, it has been the practice of trial courts in this state to permit the filing of such a motion where the allegations of the answer raise no issue to be tried as, for instance, where the answer admits the amount due as claimed by plaintiff. Viall v. First National Bank, 115 Iowa 11, 87 N. W. 733. In other cases the procedure has been treated as by mutual consent of the parties. Crom v. Henderson, 182 Iowa 89, 165 N. W. 397; State ex rel. Freeman v. Carvey, 175 Iowa 344, 154 N. W. 931; and Hilsinger v. Zimmerman Steel Company, 193 Iowa 708, 187 N. W. 493. In the instant case, the procedure was not in any way questioned or attacked in the court below and the trial court, in sustaining the motion and entering judgment and decree, found that the defendants, by their answers admitted the material allegations of plaintiff's petition and the right to relief demanded and that said answers presented no defense and raised no issue and that the plaintiff was, therefore, on the pleadings, entitled to judgment and decree.

The issue is simple and, as we view it, not difficult of solution. The facts are that plaintiff was duly elected treasurer of Story county, Iowa, for a term of two years beginning January 1, 1937. In August 1938, by resolution, the board of supervisors directed the county auditor to withhold payment of plaintiff's monthly salary and, in obedience to such order and direction, the auditor has refused to pay plaintiff his salary since said time, and this action was commenced to compel the issuance of a warrant on the part of the county auditor for said salary. By way of answer, as justification for its action, the board and also the county auditor affirmatively alleged that, during his term of office, there *came into the plaintiff's hands,* as treasurer, more than $6,000 which he has failed to account for and which the *plaintiff is owing* Story county; that said amount has been demanded from plaintiff and plaintiff has refused to pay the same. They further plead the right to set-off

and allege that plaintiff has not offered to do equity and is, therefore, not in equity with clean hands; that plaintiff is insolvent and they deny the allegation in the petition that plaintiff is the head of a family.

The question is: Do these allegations raise an issue as to plaintiff's right to equitable relief by way of mandamus compelling the board of supervisors to direct the auditor to issue a warrant for the plaintiff's salary and for an order directing the auditor to issue such warrant?

The trial court adopted the plaintiff's theory that no issue of fact was raised. We are unable to agree with such conclusion.

The gist of plaintiff's contention is that the amount of the monthly salary is fixed by statute; that the board and county auditor have no discretion in the matter; that, as long as the treasurer is in office, there is a mandatory duty to pay his salary; that, notwithstanding the fact that the pleading raises an issue as to whether or not the plaintiff is the head of a family, nevertheless, under the common law and the public policy of this state, plaintiff's salary as a public official is exempt from garnishment execution or payment of his debts; that, although the answer alleges affirmatively that more than $6,000 of money belonging to the county came into the plaintiff's hands and further alleges affirmatively that this amount is owing by the plaintiff to the county, the same cannot be pleaded as an offset; and that the defendants' efforts, in this respect, were futile. We cannot subscribe to this theory. This is not an attempt on the part of a third person to garnish, attach or reach by execution the salary of a public official. In this action, the defendants are public officials representing the county and the public. According to the allegations of the answer, plaintiff has $6,000 of the county's money, that is, this money came into his hands as treasurer of the county; demand has been made upon him for payment; payment has been refused; he is insolvent. He does not come within the provisions of any statutory provision relating to exemptions.

He brings a mandamus suit which is triable in equity and we are therefore on the equity side of the docket and we must, in the solution of the problems, necessarily apply equitable principles. Plaintiff seeks to avoid this by contending that

mandamus is a special proceeding and not an equitable action. Plaintiff's point is not well taken. By special provision of our statute, sec. 12442, Code of 1935, mandamus actions shall be tried as equitable actions. See Funck v. Farmers Elevator Co., 142 Iowa 621, 632, 121 N. W. 53, 24 L. R. A. (N. S.) 108.

"Mandamus, under the Iowa practice, was originally an action at law; but chapter 168 of the Acts of the Thirty-second General Assembly (Section 4341, Code Supplement, 1913) changed the action to one in equity." Looney v. Consolidated Ind. Sch. Dist., 201 Iowa 436, 443, 205 N. W. 328, 331.

"A mandamus proceeding is a proceeding in equity." Riley v. City of Des Moines, 203 Iowa 1240, 1244, 212 N. W. 716, 717.

Many more cases to the same effect might be cited.

Plaintiff, being insolvent, the principles of equity will permit the defendants to offset the claim of the plaintiff against the amount which, under the allegations of the answer, plaintiff is owing to the county. Parker v. Schultz, 219 Iowa 100, 257 N. W. 570; First Nat. Bank of Indianola v. Malone, 8 Cir., 76 F. 2d 251, 254; Hartford Nat. Bank & Trust Co. v. Riverside Trust Co., 117 Conn. 276, 167 A. 811; Old First Nat. Bank & Trust Co. v. Snouffer, 99 Ind. App. 325, 192 N. E. 369; Cunningham v. Commissioner of Banks, 249 Mass. 401, 144 N. E. 447, 459.

In this state, exemptions are purely statutory. Voris v. West, 180 Iowa 138, 162 N. W. 836; Farmers Elevator & Livestock Co. v. Satre, 196 Iowa 1076, 1078, 195 N. W. 1011; and In re Estate of Tellier, 210 Iowa 20, 22, 230 N. W. 545.

Plaintiff relies upon the case of Ohio Cas. Ins. Co. v. Galvin, 222 Iowa 670, 269 N. W. 254, 108 A. L. R. 1036, wherein we held the county treasurer's salary exempt. But in that case the treasurer brought himself squarely within the terms and provisions of section 11763 of the Code exempting personal earnings of a debtor who is a resident of the state and the head of a family. Whereas, in this action, there is no claim in argument, either written or oral, although there is such a statement in the petition, that the plaintiff is the head of a family. Plaintiff does not seek to bring himself within this statutory provision relating to exemptions but seeks to claim exemption under public

policy, We fail to see how the doctrine of public policy, which has its basis in the promotion of public good, can have any application to this case wherein the public is seeking to protect itself through its regularly constituted public officials by withholding the plaintiff's salary which, under the statute, is not exempt to him and which is the only money or property available by which the public could possibly make itself whole.

Plaintiff seeks to make something from the allegations in the answer of the bond company, surety on plaintiff's official bond, which, on motion of the defendant, was brought into the action by cross-petition, wherein said bond company, in its answer, alleges:

"* * * that there is now pending in the District Court of the State of Iowa, in and for Story county, a suit in which Story county, Iowa, is plaintiff, and plaintiff, Ralph E. Briley, and cross-defendant, Sun Indemnity Company of New York, are defendants, wherein said Story county, Iowa, seeks to recover from plaintiff, Ralph E. Briley, and cross-defendant, Sun Indemnity Company of New York, the sum of Six Thousand Three Hundred Seventy-two and 36/100 Dollars ($6,372.36), together with interest thereon at six per cent (6%) per annum from the 4th day of August, 1938, said sum being alleged to be due from Story county, Iowa, on the official bond of Ralph E. Briley as Treasurer of Story county, Iowa, on which bond Sun Indemnity Company of New York is surety, on account of an alleged shortage occurring in the office of said Ralph E. Briley due to the embezzlement of one Perry D. Case."

Plaintiff's contention is that the money never reached plaintiff's hands but was taken by Case and that it is an unliquidated claim; that defendants are bound by this allegation in the bond company's answer and, under his motion for judgment on the pleading, this statement must be taken as true. This contention might be sound in so far as the bond company is concerned but it certainly has no binding effect in determining the issue raised by the answer of the defendants wherein it is affirmatively alleged that this money *came into the plaintiff's hands* and that the same *is owing by the plaintiff to the county* and, in view of the fact that the plaintiff is insolvent, the contention that the claim is unliquidated would not prevent pleading the same as an equitable set-off under the cases heretofore cited.

See, especially, Malone case, supra. See, also, Andrew v. Dundee Sav. Bank, 216 Iowa 240, 249 N. W. 154. (Italics ours.)

On this record, motion for judgment on the pleadings would not lie for the reason that, under the answer of defendants, an issue of fact was raised and the motion should have been overruled. Neither should this plaintiff, who is not the head of a family and who is insolvent, be permitted in an equitable action by way of mandamus to compel the county to pay him his salary while he is, under the allegations of the answer, admittedly owing the county a sum in excess of the salary due.

The decree of the trial court must be and is hereby—Reversed. .

OLIVER, C. J., and BLISS, MITCHELL, SAGER, MILLER, STIGER, and HALE, JJ., concur.