THE JASPER COMPANY, INC. et al., Appellants, v. NICK STERGIOS et al., Appellees; VERDA M. STERGIOS, Intervener-appellee.

No. 45202.

602

June 18, 1940.

Fred H. Free, Francis L. Free, and Robert J. O'Connor, for appellants.

Yeaman & Yeaman, for appellees.

George M. Paradise, for intervener-appellee.

MILLER, J.—The questions presented for our decision herein arise upon the pleadings.

Plaintiff filed a petition asserting that it is the unqualified owner and entitled to possession of certain described personal property of the value of $875.73. Plaintiff also asserted that it has sustained damage by reason of the loss of the use of said property in the sum of $250. The prayer of the petition, as amended, was that a writ of replevin issue, that plaintiff have judgment for the property, or its value, and damages for its wrongful detention. A writ of replevin was issued, the property seized and turned over to the plaintiff on September 9, 1938.

The answer of the defendant Nick Stergios consisted of a general denial and also the assertion that he purchased the property from the plaintiff, became the owner thereof and entitled to its possession until June 1938, when he sold the same to his wife, and since said date claims no ownership or right to possession. The answer of the defendants Wink and Currence asserted that the property described in the petition was owned by the said Nick Stergios and his wife and the defendants claimed no ownership or right to possession. Plaintiff's reply to such answers consisted of a general denial.

On December 21, 1938, pursuant to leave of court, the intervener, Verda M. Stergios, wife of the defendant Nick Stergios, filed her petition of intervention, asserting that prior to June 30, 1938, the property was owned by her and her husband; on said date her husband executed a bill of sale to her; on September 9, 1938, the property was wrongfully taken by the plaintiff on writ of replevin; the value of the property was $685.50; her damages for loss of possession were $214; she asked for return of the property or judgment for its value, together with damages in the sum of $214, interest and costs.

On December 28, 1938, the court entered an order requiring plaintiff to answer the petition of intervention not later than January 4, 1939. On January 3, 1939, plaintiff filed a temporary reply to the petition of intervention, which consisted of a general denial and was not verified. The intervener filed a motion to strike the temporary reply for the reason that it was not verified and for default and judgment against the plaintiff. On January 19, 1939, the court entered an order sustain-

ing the motion to strike, overruling the motion for default and judgment, and granting plaintiff until February 1, 1939, to answer the petition of intervention. On January 27, 1939, the plaintiff filed an answer to the petition of intervention which consisted of a general denial and was verified.

On May 23, 1939, the defendant Nick Stergios and his wife, the intervener, filed a motion to strike the plaintiff's petition and all amendments thereto for the reason that the allegations therein showed a claim and prayer for relief in an amount in excess of $1,000 and in excess of the jurisdiction of the court. On June 9, 1939, this motion was sustained. On the following day, the defendants and intervener filed a motion for judgment on the pleadings, which asserted that the plaintiff's petition, as amended, had been stricken; there were no material issues tendered by the pleadings; no issues remained undisposed of for trial; the record showed the writ of replevin was unlawfully issued, the seizure of the property thereunder illegal, the intervener entitled to judgment on the merits for the possession of the property or the value thereof, and for damages; the plaintiff was in default, and there was nothing remaining for the court to do but enter judgment against the plaintiff and its surety as provided by law and as prayed for in the petition of intervention.

On July 1, 1939, the motion for judgment on the pleadings came on for hearing. The parties appeared by counsel. The motion was argued and taken under advisement. On July 26, 1939, the motion was sustained with provision that evidence as to value would be taken at a later date, to be set by the court, and judgment to be entered thereon. No later date appears to have been set by the court, but, on August 9, 1939, evidence was introduced on behalf of the intervener, in the absence of the plaintiff, pursuant to which evidence the court determined that the value of the property was $650, the intervener's damages $150, and judgment was entered in favor of intervener for $800, with interest and costs. From this judgment, the plaintiff and the surety on its replevin bond appeal.

This court has repeatedly recognized that the statutes

of procedure in this state do not contemplate a motion for judgment on the pleadings. Notwithstanding this fact, such a motion has been entertained. The circumstances which would justify such a motion are stated in our recent decision of Briley v. Board of Supervisors, 227 Iowa 55, 57, 287 N. W. 242, at the commencement of said opinion, as follows:

"This case comes to us on an appeal from an order sustaining a motion for judgment for plaintiff on the pleadings. While there is no statutory authorization for such a motion, it has been the practice of trial courts in this state to permit the filing of such a motion where the allegations of the answer raise no issue to be tried as, for instance, where the answer admits the amount due as claimed by plaintiff. Viall v. First National Bank, 115 Iowa 11, 87 N. W. 733. In other cases the procedure has been treated as by mutual consent of the parties. Crom v. Henderson, 182 Iowa 89, 165 N. W. 397; State ex rel. Freeman v. Carvey, 175 Iowa 344, 154 N. W. 931; and Hilsinger v. Zimmerman Steel Company, 193 Iowa 708, 187 N. W. 493."

At the close of the opinion, 227 Iowa, at page 61, 287 N. W., at page 244, we state: "On this record, motion for judgment on the pleadings would not lie for the reason that, under the answer of defendants, an issue of fact was raised and the motion should have been overruled."

By reason of the foregoing, it is apparent that the motion for judgment on the pleadings herein should not be sustained if the pleadings raised issues of fact to be tried. Apparently the trial court overlooked the fact that, after the temporary reply to the petition of intervention had been stricken because not verified, the plaintiff filed an answer, which was verified and was timely filed. The answer to the petition of intervention was a general denial. The motion for judgment of the pleadings sought a judgment in favor of the intervener, as prayed for in her petition of intervention. Intervener's prayer for relief depended upon her assertion of ownership, which was denied. The answer to the petition of intervention raised disputed issues to be tried before such relief could be ordered by the court. The

assertion in the motion that there were no such issues is contrary to the record.

The same thing is true as to the contention that plaintiff was in default. In the case of La Forge v. Cooter, 220 Iowa 1258, 1262, 264 N. W. 268, 270, we state:

"It has been held by this court that judgment by default should not be entered while an answer is on file. See Arbuckle v. Bowman, 6 Iowa, page 70; Key v. Hayden, 13 Iowa 602; Douglass v. Langdon & Bros., 29 Iowa 245. * * * When an answer is on file, no default can be entered for want of a plea, and certainly no default can be entered for want of an appearance until the case is regularly assigned or comes on for hearing in accordance with the rules of the court."

Under the record herein, the intervener was not entitled to judgment in the summary manner employed by the trial court. There were issues of fact to be tried and determined before she would be entitled to judgment. Trial on such issues was denied the plaintiff. The court erred in sustaining the motion for judgment on the pleadings. The judgment thereafter entered was pursuant to such erroneous ruling and is likewise erroneous.

In view of the disposition of this cause above stated, it is not necessary to discuss or decide other propositions raised by appellants. Appellee has filed a motion to dismiss on the ground that the question here presented is moot. Ordinarily, such a motion is made to depend upon facts arising subsequent to the entry of the judgment. The facts upon which the appellees' motion is based are asserted to have occurred before judgment was entered in the court below. They should have been presented to the trial court but were not. They are not properly presented to this court. The motion to dismiss is overruled.

By reason of the foregoing, the judgment herein appealed from must be and it is reversed.—Reversed.

HAMILTON, C. J., and HALE, STIGER, SAGER, MITCHELL, BLISS, and RICHARDS, JJ., concur.